## ONEIDA COUNTY COURT.

THE CITY OF UTICA, respondent, agt. CHARLES H. BLAKESLEE, appellant.

Where a city charter contains a clause empowering the common council "To clean the streets and to pass ordinances requiring the same to be . kept clean and in proper order and free from encroachment, incumbrance or *injury*," they have the power to pass an ordinance prohibiting, under a prescribed penalty, any person from using a wagon or cart on the paved streets for carrying a certain number of pounds or over for a load, unless the tires of such vehicle be of a certain prescribed width.

But where the ordinance, which fixes the penalty, directs also that the *expense of weighing the load* be added to the penalty, it is unauthorized. The penalty may be recovered, but not the expense of weighing.

*November Term,* 1873.

APPEAL from a judgment rendered on a trial before a justice of the peace and jury.

S. M. LINDSLEY, *for respondent.*
W. KERNAN, *for appellant.*

A. H. BAILEY, *Co. J.*—On the 3d of November, 1871, the common council of the city of Utica passed an ordinance to the effect that no person shall use, cause, or suffer to be used, any wagon, cart or other vehicle upon any paved or improved street within the city limits, to carry 4,000 pounds or upward, unless the tires upon such vehicle shall be at least four inches in width, or to carry over 2,000 pounds and less than 4,000 pounds, unless the tires shall be at least three inches in width, and imposing a penalty of fifteen dollars for each violation of said ordi-

nance. It also authorized the mayor or any alderman or policeman, when he suspected any person of violating this ordinance, to require the load of said person to be weighed, and if found to exceed the limit above specified such person shall pay the expense of weighing and the amount shall be added to the above penalty.

Defendant was sued before L. B. Hastings, Esq., a justice of the peace of the city of Utica, and a jury, May 30th, 1872, for a violation of said ordinance, and the trial resulted in a judgment against the defendant for fifteen dollars damages and eleven dollars and eighty-five cents costs. On the trial it appeared that defendant's team was found in front of the Butterfield house, on Genesee street, in said city with a load of coal upon a wagon; a policeman required the driver to take his load to scales where it was weighed, during which process the coal was unloaded, and the coal upon the wagon was thus ascertained to be 4,100 pounds. That the tire of the wagon was not four inches in width but was about two inches, the usual width of the tires of lumber wagons. It was conceded that Genesee street was a public street of said city and that the same was paved. It was also conceded that Genesee street had been a public highway long before the incorporation of said city.

The defendant moved for a nonsuit, on the grounds among others, that the ordinance was void; the city having no authority to enact it, because the ordinance imposed more than a penalty, viz., the expenses of weighing a load, and because the ordinance was in restraint of trade and unreasonable.

The motion was denied and these questions come here upon appeal.

The second subdivision of section 79 of the charter of the city of Utica (*Laws of* 1862, *chap.* 18) empowers the common council of said city "to clean the streets and to pass ordinances requiring the same to be kept clean and in proper order, and free from encroachment, incumbrance or *injury*."

The authority to pass the ordinance in question must be derived from this provision of the charter, if it exist at all.

I think the ordinance is warranted by the charter.

The word *injury* is a comprehensive word. It includes any wrong or damage done, any detriment or diminution of that which is good or valuable, and it is this, from which the common council is empowered to keep the streets free. This does not mean that the streets shall be kept free from ordinary use, because such ordinary use will in time wear out the pavement and thus injure the street in a certain sense. But it does enable the common council to prevent the streets from being used in an unusual manner and in such a way as will especially injure the pavement thereof. The common council in such a case is the proper judge as to what is or is not an injury (*Dillon on Municipal Corporations*, 284, *note*).

The only restraint upon them in such a case is that the ordinance must be reasonable and not an unwarrantable restraint of trade. I cannot say that the ordinance in question is obnoxious to either objection. No amount of load is forbidden. It only prescribes the minimum width of the wagon tire when the load exceeds a certain unusual weight. This is regulating and not forbidding any kind of vehicle in the streets.

This view I think sustained by the following cases: 3 *Pick.*, 461; 6 *Pick.*, 190; 2 *Cush.*, 571.

The defendant cites the following cases in support of his positions: 5 *Cow.*, 462; 2 *Hill*, 77; *Lalor's Sup.*, 146; 7 *Paige*, 261.

In the first case (5 *Cow.*, 462), it was held that the provision of a charter which allowed the trustees of a village to make by-laws relative to hucksters, and to pass such prudential by-laws for the good government of the village, &c., as they may deem necessary, not inconsistent with the laws of the state or the United States, did not authorize them to pass a law that hucksters should take and pay for a license of

City of Utica agt. Blakeslee.

the trustees under a penalty, especially when it does not appear, expressly, that prudence required the by-laws. In short, it was held that the trustees had no power to pass the by-law under their charter. In this case I hold that the charter authorizes the by-law.

In the case 2 *Hill*, 77, it was held that the charter of the village authorized the trustees to cause the sidewalks of the streets in said village to be improved, and to compel the owner and occupants to make such improvements, and, in case of refusal, to do the work and charge said owners, &c., did not empower them to assess the improvement of a *street* upon the owners, &c. The case in *Lalor's Sup.*, 146, holds that a provision in a charter authorizing the common council to regulate the vending of meats, vegetables and fruits, pickled and other fish, and to prescribe the time and place of selling the same, did not warrant the passage of an ordinance imposing a fine for the sale of putrid provisions. The defendant was fined for selling rotten eggs. 7 *Paige*, 261, decides that an ordinance of the city of Hudson, which forbid, under a penalty, the erection of wooden barns, stables or hay-presses within certain specified limits in said city, was void, not being authorized by the charter, and because the ordinance did not apply to all the citizens of Hudson alike.

I do not see that any of these cases sustain the defendant on this appeal. The part of said ordinance which directs the expense of weighing to be added to the penalty, I do not think is authorized by the charter and is therefore void.

The amount is uncertain, and I do not think a penalty can be imposed in that way, even if at all, in such a case.

But it is not necessarily connected with the thing forbidden and the imposed penalty. I hold it alone void, and the rest of the ordinance good (*Dillon*, 347, *page*; 6 *Gray*, 596; 1 *Wend.*, 237); and judgment was alone rendered for the actual penalty.

Therefore, judgment affirmed, with costs.