## *In re* O'KEEFE *et al.*

## *In re* ADAMS, Commissioner.

### *(City Court of Brooklyn, General Term. June 28, 1892.)*

1. MUNICIPAL CORPORATIONS—ORDINANCES—CROSSING SIDEWALKS WITH TEAM.
   An ordinance of the city of Brooklyn that "no person shall drive, back, or lead any horse or cart or wheel carriage on the footpath or sidewalk of any street or avenue," does not prohibit the carting of dirt from excavations across the sidewalk.

2. SAME—VALIDITY OF ORDINANCE—WANT OF PENALTY—AMENDMENT.
   The ordinance in question, having provided no penalty for its violation, as required by the city charter, could not be enforced. and, being nonenforceable, a subsequent amendment thereto, allowing persons making excavations to obtain a permit to cross the walks with teams on depositing $50, was void, and a *mandamus* to compel the issuing of such permit was properly denied.

Appeal from special term.

Application of Owen O'Keefe and another for a *mandamus* to John P. Adams, commissioner of city works of Brooklyn. Writ denied, and applicants appeal. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE J.

*Wm. J. Gaynor*, for appellants. *Almet F. Jenks*, for respondent,

CLEMENT, C. J. The appellants contracted with an owner to excavate a cellar, and to cart away the dirt. The respondent contends that by reason of

section 12, art. 6, c. 3, of the ordinances of this city, they must obtain from him a permit to cross the sidewalk, and deposit the sum of $50. The ordinance reads as follows, (the original ordinance, before amendment, is in italics, and was passed in 1857:) "*Section 12. No person shall drive, back, or lead any horse or cart or wheel carriage on the footpath or sidewalk of any street or avenue.* The commissioner of city works may, however, grant permits to cross sidewalks for the purpose of filling in vacant lots, or for the purpose of making excavations below the street level, provided that no such permit shall be granted *until the party or parties asking for the same shall have deposited in the department of city works the sum of fifty dollars on each permit so issued; said money not to be used if the party or parties to whom the permit is granted shall have gathered up and removed from the streets over which the vehicles have passed all dirt dropped therefrom, to the satisfaction of the superintendent of streets, but shall be returned to the depositor.* If the dirt should not be removed within a reasonable time after notice has been given to the holder of the permit to that effect, the commissioner of city works may cause such streets and avenues to be cleaned up at the expense of the holder of the permit, and the balance of said deposit, if any, over and above the expense so incurred shall be paid back to the person or persons to whom the permit was granted." The appellants applied for a permit, but refused to make the deposit, and the commissioner declined to give the same. An application was made at special term for a *mandamus*, and the same was denied.

We do not agree with the learned counsel for the corporation that the ordinance, before the amendment of March 30, 1891, prohibited the carting of dirt from excavations across the sidewalks. If so construed, it would prevent a party from building upon his lot, and would deny the right to an abutting owner of driving his carriage from a stable. An ordinance must be given a reasonable interpretation. *Duryee* v. *Mayor, etc.*, 96 N. Y. 477, 495. The ordinance does not contain any penalty for its violation, and the different charters have all provided that "in every by-law, ordinance, or regulation which the said common council may pass, it shall impose a penalty for the violation or nonperformance thereof." Section 14, tit. 2, c. 583, Laws 1888; section 15, tit. 2, c. 863, Laws 1873; section 16, tit. 2, c. 384, Laws 1854. It would seem clear that the penalty must be included in the ordinance by referring to sections 15 and 16 of title 2 of the revised charter, (chapter 583, Laws of 1888.) That an ordinance may not be inoperative, it is necessary that there be a penalty for its violation. Dill. Mun. Corp. § 270. The charter provides that ordinances may be enforced by penalties, and when "a corporation is authorized to enforce its ordinances by fine or in any other prescribed manner, it is by implication precluded from adopting any other method of punishing disobedience to them." *Hart* v. *Mayor*, 9 Wend. 571, 588; *Kirk* v. *Nowill*, 1 Term R. 124; Dill. Mun. Corp. §§ 273, 274; *City of Utica* v. *Blakeslee*, 46 How. Pr. 165; 17 Amer & Eng. Enc. Law, p. 260; *Miles* v. *Chamberlain*, 17 Wis. 446. We are of opinion that the common council had no power, under the charter, to pass the amendment to the ordinance in question. The city cannot enforce ordinances except by a penalty, and cannot require a party to deposit a sum of money as security that he will not do an act which can only be prevented by an ordinance in which is contained a penalty for its violation. The common council could pass an ordinance under which a contractor might be compelled to clean up any dirt in the streets which has dropped from his carts, and could provide a fixed and definite penalty for failure on his part so to do. It would be necessary for the common council to have special authority from the legislature to pass the ordinance now under consideration. If it had such right under its general powers, then section 18 of title 15 of the revised charter would not be necessary. That section provides that the commissioner of city works may prescribe a license fee to be paid by plumb-

ers for permits for water connections, and require security from them against damage. The ordinance is nugatory, because it provides no penalty for its violation, and because it compels contractors to deposit money as security which may be forfeited unless the streets are cleaned to the satisfaction of the superintendent. In view of this conclusion, we hold that no permit was necessary, and therefore that the order appealed from must be affirmed, but without costs.