**BUSH v. GREYHOUND CORP.**
No. 14477.

United States Court of Appeals
Fifth Circuit.
Dec. 9, 1953.
Rehearing Denied Jan. 5, 1954.

W. Ervin James, Clifford J. Durr, Montgomery, Ala., for appellant.

Charles E. Porter, James W. Garrett, Montgomery, Ala., Rushton, Stakely & Johnston, Montgomery, Ala., of counsel, for appellee.

Before HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by W. M. Bush to recover from the defendant corporation damages for personal injuries resulting from an accident that occurred on U. S. Highway 31 within the corporate limits of Georgiana, Alabama. The district court entered judgment for the defendant pursuant to the verdict of the jury.

Shortly after midnight on July 15, 1951, a Ford pick-up truck belonging to the appellant, and in which he and three other persons were riding, collided with the rear end of a Greyhound bus that had stopped for the purpose of discharging and taking on passengers. The other three occupants of the truck were killed; and the appellant claims to be suffering from amnesia. The evidence was in dispute as to whether the bus was standing wholly or partially on the main travelled portion of the highway, or was entirely off of it and on the shoulder. It was undisputed that the bus was lighted, but there was some evidence that the truck was meeting another automobile with glaring headlights. According to its driver, the bus had been standing still for two minutes and, according to other witnesses, it had been standing still for six minutes. The appellant's complaint charged that the appellee was negligent in parking its bus or leaving it standing on the highway.

■ The court charged the jury that Section 2 of Rule 21 of the safety regulations of the Alabama Public Service Commission, which provides that no bus may stop directly on the paved streets of the highway within a distance of three hundred yards from the passenger's destination, was not effective within the corporate limits of a city. This, we think, was error because the highway upon which the collision occurred came within the aforesaid regulation, especially in view of the statutory definition of the word highway under the Alabama law as including the public highways, roads, streets, and alleys in towns and cities. Code of Alabama, Title 48, § 301 (1), as amended.

■ The complaint charged a violation of Section 193.22 of Title 49, Code of Federal Regulations of the Interstate Commerce Commission, which provides that no motor vehicle shall be stopped, parked, or left standing, upon the travelled portion of a highway outside of a business or residential district when it is practicable to stop, park, or leave standing the motor vehicle off the travelled portion of the highway. The district judge charged the jury that, as a matter of law, the accident occurred within a residential district. The issue was whether the accident occurred in a business or residential district. Under the testimony in evidence, the determination of this issue was for the jury.

■ The court also instructed the jury that Section 3 of Rule 21 of the motor carrier safety regulations of the Alabama Public Service Commission, which provides that no driver of a bus may discharge or pick up passengers on the blind side of a hill or curve at any point on the highway where clear visibility is less than 300 yards, could not apply within the corporate limits of a municipality. The reason assigned by the court for the nonapplicability of the said regulation was that it was unreasonable; but there was no evidence produced relating to the unreasonableness of the regulation, and it seems to us to be not unreasonable on its face.

■ There remains the question of the admissibility and effect of the purported ordinance of the town of Georgiana. That so-called ordinance reads as follows: "A motion was made by William Wise, seconded by H. B. Taylor, that the speed limit on the Hiway be set at 35 MPH and in the business and residential district at 25 MPH." If that was intended to be an ordinance (not a mere resolution to prepare an ordinance) and was adopted at the same meeting at which it was introduced, it was necessary for its immediate consideration to

have unanimous consent of all members of the Council present at the meeting. Such consent should have been shown by a yea-and-nay vote, and the names of all members voting should have been entered upon the minutes. See Code of Alabama 1940, Title 37, § 456, which section contains further requirements as to the number of members of the Council who must vote on an ordinance intended to be of permanent operation before it may become a law.

Section 462 of said title requires ordinances of a general or permanent nature to be published in some newspaper of general circulation in the town, and provides further that the ordinance shall take effect from and after the time of its said publication. It does not appear that this purported ordinance met the requirements of either of said sections or that any penalty was provided for the violation thereof. Furthermore it does not appear that any certificate of the town clerk, stating the time and manner of publication thereof, was affixed to said ordinance as required by said section 462. There are numerous other objections to said ordinance, many of which we think are well taken, all of them involving questions of Alabama law; but what we have said, we think, is sufficient to indicate that said ordinance was erroneously admitted in evidence and is of no legal effect in this case.

See 28 Cyc. 355, citing In re O'Keefe, City Ct., 19 N.Y.S. 676; cf. Coden v. Gettysburg, 8 Leg.Gaz. Pa., 167. See, also, Monett Electric Light Power & Ice Co. v. Monett, C.C., 186 F. 360; Mayor, etc., of City of Anniston v. Davis, 98 Ala. 629, 13 So. 331; Reese v. State, 184 Ala. 36, 62 So. 847; Cooper v. Valley Head, 212 Ala. 125, 101 So. 874.

For the errors indicated above, the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.