## BROWNLOW et al. v. O'DONOGHUE BROS., Inc.

(Court of Appeals of District of Columbia. Submitted October 11, 1921. Decided November 7, 1921.)

### No. 3478.

1. **District of Columbia ⊝⟶22—Commissioners of District can regulate, but not prohibit, driveway across sidewalk.**

    The Commissioners of the District can make reasonable regulations for the use of driveways across sidewalks, but the right to regulate does not include the right to prohibit.

2. **District of Columbia ⊝⟶22—Decision of Commissioners in regulating sidewalk use not disturbed, unless arbitrary.**

    The decision of the Commissioners of the District in regulating the use of driveways across a sidewalk will not be disturbed, if it has any reasonable basis in the facts.

3. **Eminent domain ⊝⟶106—Lot owner's right to access across street cannot be taken without compensation.**

    The right of the owner of a lot which faced on two streets to have an entrance, including a driveway across the sidewalk to the street most traveled, is a property right, of which he cannot be deprived without just compensation.

Appeal from the Supreme Court of the District of Columbia.

Suit by O'Donoghue Bros., Inc., against Louis Brownlow and others, as Commissioners of the District of Columbia and personally, to enjoin defendants from closing an entrance to plaintiff's place of business. Decree for plaintiff, and defendants appeal. Affirmed.

F. H. Stephens, of Washington, D. C., for appellants.
George E. Sullivan, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellee corporation is the lessor of a store building and the lot on which it stands, at the corner of Fourteenth and Irving streets, N. W., Washington. Its lease runs for five years from November, 1917, with the right to have it extended for five years. It maintains on the premises a filling station, through which gasoline is conveyed to automobiles, and also sells there other automobile accessories. There are two entrances to the property on Irving street and one on Fourteenth street. The first is a residential street, and the second a business one, upon which there is a great deal of travel. Some time ago a District officer, at the instance of persons residing on Irving street, suggested that the filling station be transferred from the Irving street side to the Fourteenth street side, and it was done. Now it is proposed by the Commissioners to close the Fourteenth street entrance and compel the appellee to use only the Irving street entrance. As the property is situated, an automobile may enter from Fourteenth street and pass out on Irving street, or enter

⊝⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at one of the Irving street entrances and pass out at the other. The claim of the Commissioners is that the use of the Fourteenth street entrance endangers pedestrians passing to and fro on the sidewalk.

On the other side of Fourteenth street, less than a block away, there is another establishment engaged in the same business as the appellee. which is so situated that all automobiles must enter from Fourteenth street, and, after having received their supply of gasoline, back out to the same street. This is done by permission of the Commissioners, and they have indicated no disposition to interfere with it. The Fourteenth street entrance of the appellee has existed for many years. It is claimed that this entrance is of great value to the appellee, that the entrances on Irving street are not sufficient to accommodate its trade, and that if the Fourteenth street entrance should be closed its business would suffer to a large extent. The court of first instance held that the appellee was entitled to egress from its property on both streets, and enjoined the appellants from closing the Fourteenth street entrance.

It is argued by the Commissioners that the question as to whether or not the entrance should be closed was resolved according to their best judgment concerning what the public safety required, and that the court has no power to review their decision, unless it appears to be an arbitrary one, which it is not. On the other hand, the appellee urges that the right to maintain the Fourteenth street entrance is a valuable incorporeal right attached to the lot, and that the Commissioners cannot take it away without giving just compensation therefor.

[1, 2] No doubt the Commissioners have the right to make reasonable regulations for the use of driveways across sidewalks (Highway Commissioners v. Ely, 54 Mich. 173, 19 N. W. 940; Goodfellow Tire Co. v. Hurlbut, 163 Mich. 249, 128 N. W. 410, 30 L. R. A. [N. S.] 1074), and that their decision in that regard will not be disturbed if it has any reasonable basis in the facts relating to the matter (Richards v. Davison, 45 App. D. C. 395, 401, citing United States ex rel. Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610). But regulation is one thing, and prohibition is another. Here the appellants seek to deprive the appellee of a driveway leading from Fourteenth street. It needs no argument to show that an entrance to a place of business such as appellee conducts from a street over which there is much travel is far more valuable than one from a street where the traffic is light. The latter is not the equivalent of the former.

[3] We find no authority which sustains the position of the Commissioners, but there are many which are against it. Donovan v. Pennsylvania Co., 199 U. S. 279, 302, 26 Sup. Ct. 91, 50 L. Ed. 192; Dillon on Municipal Corporations (4th Ed.) §§ 587b, 656a; Town of Rensselaer v. Leopold, 106 Ind. 29, 31, 5 N. E. 761; In re O'Keefe et al. (City Ct.) 19 N. Y. Supp. 676; Field v. Barling, 149 Ill. 556, 571, 37 N. E. 850. 24 L. R. A. 406, 41 Am. St. Rep. 311. It is not necessary, we think, to call specific attention to any of them save Donovan v. Pennsylvania Co. In that case the question was whether or not a railroad company, in prosecuting its business, was entitled to any greater privileges with respect to the use of the sidewalk or street in front

of the main entrance of its station than belonged to the public. The court said that the following, taken from Dillon on Municipal Corporations, supra, is a correct statement of the applicable doctrine:

"For example, an abutting owner's right of access to and from the street, subject only to legitimate public regulation, is as much his property as his right to the soil within his boundary lines. When he is deprived of such right of access or of any other easement connected with the use and enjoyment of his property, other than by the exercise of legitimate public regulation, he is deprived of his property."

Again:

"It was further seen that he had rights not shared by the public at large, special and peculiar to himself, and which arose out of the very relation of his lot to the street in front of it, and that these rights, whether the bare fee of the streets was in the lot owner or in the city, were rights of property, and as such ought to be and were as sacred from legislative invasion as his right to the lot itself."

In the light of this decision, which is binding upon us, we see no escape from the conclusion that the appellee's right to access to and from Fourteenth street is a property right, which, though subject to legitimate regulation, cannot be taken from it without just compensation.

The decree of the lower court is affirmed, with costs.

Affirmed.