## GULF REFINING CO. et al v. CITY OF FORT WORTH.
### No. 992.

Court of Civil Appeals of Texas. Waco.

Feb. 5, 1931.

Rehearing Denied March 12, 1931.

286

David Proctor and John E. Green, Jr., both of Houston, David W. Stephens and Houtchens & Houtchens, all of Fort Worth, and P. O. Settle, of Houston, for appellants.

R. E. Rouer, J. M. Floyd, and R. B. Young, all of Fort Worth, for appellee.

BARCUS, J.

The only issue for determination in this appeal, is the right of appellee to collect an annual charge of $24 from each of the appellants who own and operate what is known as "Drive-In" gasoline filling stations in the city of Fort Worth. The facts are practically without dispute. There were, at the time this cause was tried, approximately seven hundred such gasoline stations in Fort Worth. This suit was instituted by the owners of fifty of said stations for the purpose of obtaining a permanent injunction against appellee restraining it from collecting the annual charge of $24 against each station as provided by Ordinance 591, which was passed by appellee in 1917. The first section of said ordinance prohibits gasoline filling stations from being installed or operated on certain named streets. Sections 2, 3, and 5 read:

"Sec. 2: That an annual charge of $24.00 is here made against each and every gasoline station installed and making use of any street or sidewalk or any portion thereof within the city of Fort Worth.

"Sec. 3: It shall be the duty of all persons, firms or corporations desiring a permit to establish and use a gasoline station on any street or sidewalk or any part thereof or where any part of any sidewalk is used for the purpose of ingress or egress in connection with such gasoline station within the city of Fort Worth to apply to the tax collector of the city of Fort Worth therefor and to pay the annual charge provided for herein to said tax collector."

"Sec. 5: Any and all persons making use of any of the streets and sidewalks or any portion thereof within the corporate limits of the city of Fort Worth as a gasoline station, as provided for herein, without paying the charges provided for herein * * * shall, upon conviction thereof be fined in any sum not exceeding $50.00, and each day of such obstruction shall constitute a separate offense."

Appellee enacted a separate ordinance which requires every person before erecting a gasoline filling station to make application therefor to the proper authority and pay a $5 fee and obtain a permit. Each of the appellants, before they erected and installed their respective gasoline filling stations, did, under said ordinance, pay said $5 fee and obtain the permit to erect and install their respective stations and same were at said time inspected by the proper officials of appellee. Each of said filling stations are built entirely on the private property of the individual owner. No portion thereof is built on the street or in the sidewalk. The only use appellants, or either of them, make of the sidewalk is for ingress and egress to their respective stations.

Appellants contend that appellee is not entitled to collect the $24 per year charge as provided in said ordinance because same is in effect an occupation tax. They further contend that appellee has no right or authority to tax them as private individuals for the use of the public streets or sidewalks in using same as a driveway from their private property; their contention being that, being the owners of the property and the gasoline stations being located on their private property, they have, as a matter of vested property right, the right to use the sidewalks and streets for ingress and egress to their respective properties. They further contend that the $24 per year charge is discriminatory and in violation of the state and federal constitutions, which requires taxes to be equal and uniform. They further contend that if appellee has a right to regulate filling stations that said charge is unreasonable.

As we view the case it is not necessary for us to discuss separately each of appellants' contentions. From a careful reading of the ordinance in question it seems to apply only to gasoline filling stations that are constructed where a portion of the sidewalk or street is used in installing same. Leaving out all unnecessary verbiage, the sections quoted would read:

"An annual charge of $24.00 is made against each gasoline station installed and making use of any street or sidewalk, or any portion thereof. * * * All persons desiring a permit to establish and use a gasoline station on any street or sidewalk * * * or where any part of any sidewalk is used for the purpose of ingress or egress in connection with such gasoline station."

The import of said ordinance, as a whole, indicates that appellee was attempting to pass an ordinance whereby it would charge private individuals for conducting gasoline filling stations where a portion of the street or sidewalk was used for its installation. We think the words, "such gasoline station," used in the last line of the above quotation, refer to, and could only mean, gasoline stations that are constructed on either the street or sidewalk. Since the record shows affirmatively that each of the gasoline stations owned by appellants is built on private property and no portion thereof is built on either the sidewalk or the street, appellee is not entitled to collect from them the charge of $24 per year as provided under the terms of said ordinance.

■ If appellants had erected their respective gasoline stations, or either of them, on a portion of the street or sidewalk, we would have an entirely different question to determine. Our courts have uniformly held that a municipal corporation may grant the use of its sidewalks or streets to persons for private use and charge a fee therefor, provided same does not interfere with the use of the general public therein. City of St. Louis v. Western Union Telegraph Company, 148 U. S. 92, 13 S. Ct. 485, 37 L. Ed. 380; 19 R. C. L. 783, and authorities there cited.

■ If we are in error in our construction of said ordinance and if same can be construed to mean that appellee is entitled to collect from each of the appellants $24 per year for the privilege of operating or running a gasoline filling station on their private property after they have obtained a permit therefor from appellee, we think same is unconstitutional and void. Gulf Refining Co. v. City of Dallas (Tex. Civ. App.) 10 S.W.(2d) 151 (error dismissed); Ex parte Smythe (Tex. Cr. App.) 28 S.W.(2d) 161; City of Shawnee v. Robbins Bros. Tire Co., 134 Okl. 142, 272 P. 457, 66 A. L. R. 1047; Donovan v. Pennsylvania Co., 199 U. S. 279, 26 S. Ct. 91, 50 L. Ed. 192; Brownlow v. O'Donoghue Bros., 51 App. D. C. 114, 276 F. 636, 22 A. L. R. 939; Goodfellow Tire Co. v. City of Detroit, 163 Mich. 249, 128 N. W. 410, 30 L. R. A. (N. S.) 1074; McQuillen-Municipal Corporations, 2207, 17 R. C. L. 543.

■■ It is well settled that the owner of property abutting the street has a right of ingress and egress to his property, and neither the legislative bodies nor the courts can take said right away, neither can they unreasonably abridge same. Whether appellee could forbid any of the appellants from operating a station at the designated place, or could have refused to grant them a permit for the gasoline station to have been erected at the time same was given, are not involved in this litigation. Each of the appellants, in conformity with the city ordinance, enacted by appellee, did make application to the proper authorities and paid the required fee of $5 and obtained a permit to erect their respective gasoline filling stations, and same have been built in conformity with the ordinances of appellee.

In Gulf Refining Company v. City of Dallas, supra, the court, in a well-considered case, held that after the city of Dallas had given a permit to the oil company to erect a filling station at a designated place, it could not, after same had been erected, revoke said permit, unless new conditions had arisen that would authorize or justify same. In the case at bar appellee does not contend that any new conditions have arisen since it granted appellants, and each of them, the right to erect their respective gasoline stations, and in fact appellee is not seeking to revoke any of said permits. In Brownlow v. O'Donoghue Bros., supra, the court held that the commissioners in the District of Columbia could not deny the owners of a gasoline station the use of the driveway across the sidewalk. In City of Shawnee v. Robbins Bros. Tire Co., supra, the Supreme Court of Oklahoma had for determination the constitutionality of an ordinance passed by the city of Shawnee which required that every person using any portion of the sidewalk for a drive-in space should pay $1 per foot for the sidewalk so used. Said court in a well-considered case, where many authorities were collated and discussed, held said ordinance void.

The only use appellants are making of the sidewalks and streets as shown by the record is for ingress and egress, and if appellee is entitled to collect said charge of $24 per year, it would have the effect of charging appellants said sum for said privilege. This we think appellee has no authority or power to do.

■ Appellee contends that it is entitled to collect the $24 annual fee or charge provided for by said ordinance as a reasonable police regulatory measure. We do not agree with this contention. Each of the appellants, before they installed their respective gasoline stations, made application to and obtained a permit therefor and paid the inspection fee required by appellee. There is nothing in the record which would authorize appellee to or justify it in collecting from appellants or either of them said fee of $24 as a regulatory measure. As property owners, taxpayers, and citizens of the municipality, they and each of them are entitled to the same police surveillance as other citizens, and the general public are entitled to have the gasoline filling stations policed in the same way that other business concerns in the heavy traffic territory are policed. Under the testimony as given by the police authorities, no more police surveillance was given to or required of appellants than that afforded or given to or

required of other business concerns in the congested traffic territory. The municipality has no authority to tax one class of citizens for police regulation in such a discriminatory method as is attempted by the ordinance in question.

We further think the ordinance is void because it in effect levies an occupation tax against appellants for the operation of a gasoline filling station, and since no occupation tax is levied by the state government, the. municipality has no power or authority to levy same.

We think the trial court was in error in refusing to grant appellants the injunctive relief asked, and since the case is fully developed, the judgment of the trial court is reversed, and judgment is here rendered enjoining appellee from collecting the annual charge from appellants, or prosecuting them criminally for failure to pay same, as provided in said ordinance.