(No. 37955.—

NAPER AERO CLUB, Appellee, *vs.* THE COUNTY OF DU PAGE, Appellant.—(LEO O. SACK *et al.,* Intervenors-Appellants.)

*Opinion filed March 18, 1964.*

WILLIAM J. BAUER, State's Attorney, of Wheaton, (ANTHONY M. PECCARELLI, of counsel,) for appellant.

CORRIGAN AND MACKAY, of Wheaton, (JOHN R. MACKAY and RICHARD J. WEISE, of counsel,) for intervenors-appellants.

GIVLER, MEILINGER, CASEY & FLANDERS, of Aurora, (ROBERT F. CASEY and DALE C. FLANDERS, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the validity of a limitation contained in a special use permit issued by the county board of Du Page County. The permit authorizes the use of the strip of land in question as a "restricted landing area." Flying operations for hire may not be conducted from such an area, nor may student instruction be offered for payment. The attack upon the special use permit is limited to that portion which restricts the use of the landing strip to those persons who reside in two abutting subdivisions.

The plaintiff, Naper Aero Club, acquired the strip on May 2, 1956, from Alvin H. Beidelman, Jr., and on August 20, 1956, it received a certificate of approval from the Department of Aeronautics for the operation of a restricted landing area. Beidelman owned other property adjacent to the landing strip, known as Aero Estates Subdivision and Aero Estates Unit No. 2, and on September 7, 1956, the plaintiff entered into an agreement with Beidelman which recited that it was entered into "for the benefit and protection of the parties hereto and for the benefit and protection of the future owners of lots in Aero Estates and to set forth the rights and obligations of future lot owners to membership in the Naper Aero Club * * *." The agreement provided that each present and future owner of a lot should have the right to use the airstrip for one plane, subject to the rules of the club, and subject to reasonable dues or fees. Each lot owner was expressly denominated a third party beneficiary, and it was provided that the contract should be construed as "covenants" running with the land, and that in the event the plaintiff should desire to sell the airstrip, it must first offer to sell to the lot owners. The agreement further

provided: "In the event the facilities of the Naper Aero Club, Inc. become inadequate to handle all of the traffic from the strip, first priority to use the strip * * * shall be given to the 6 charter members of the second party [the Club] and then priority shall be given to fee simple owners of lots in Aero Estates * * *."

Thereafter the landing strip was improved for use. In 1958 Beidelman filed a petition with the county zoning board of appeals requesting a special use permit to authorize use of the strip for the operation of a motel, restaurant, commercial airport and hangar for the repair and servicing of planes. The board of appeals recited that "through an error in interpreting the provisions of the zoning ordinance this air strip was established without having first obtained a variation as required under the ordinance effective prior to May 1, 1957 and a request was filed under the present ordinance for a Special Use Permit to legalize its operation." The county board concurred in the recommendation of the board of appeals, denied the request for authority to engage in commercial operations, and granted a special use permit "allowing the operation of a restricted landing field for the sole use of persons residing in the Aero Estates Subdivision * * *."

The plaintiff then brought this action to enjoin the enforcement of the use limitation contained in the special use permit. It was stipulated that the Naper Aero Club owns the strip, and the Club has contended that the special use permit is invalid to the extent that it deprives the owner of the land of the right to use it in a manner permitted to others. The trial court sustained this contention, and entered a decree enjoining the enforcement of the restriction. The County and certain intervenors, who asserted a legal position identical with that of the County, have appealed.

It is important to note first, that only the validity of the use limitation in the special use permit is challenged, and that no one questions the validity or propriety of the permit

apart from that limitation; and second, that the agreement between the plaintiff and Beidelman was not involved in this litigation and that the decree did not adjudicate any rights under that agreement. Nor does the record show the relationship that exists between the Club and its members with respect to ownership of the land. An effort was made by the County to establish that relationship and other matters pertaining to the Club and its members, but upon the advice of its attorney the secretary of the Club refused to produce its records in response to a *subpoena duces tecum,* and there the matter was allowed to rest. It appears from the testimony of the secretary, however, that there are members of the Club who use the strip but who have no rights of ownership in it.

Although the record thus does not fully sustain the plaintiff's contention that the limitation in the special use permit prohibits the use of the strip by those who own it, while permitting its use by others, we are of the opinion that the decree should be affirmed. To reach this conclusion it is not necessary to hold that under no circumstances can the identity of the user, rather than the actual use made of the property, be a relevant zoning consideration. It is sufficient that in this case the requirement of residence in one of the designated subdivisions, as a condition to use of the airstrip, bears no relation to any relevant zoning consideration. As a zoning matter, whatever detriment may result from the airstrip will be determined by the nature of operations upon it, and not by the place of residence of the persons conducting those operations.

The County also argues that even if the challenged portion of the permit is invalid, the plaintiff is estopped from attacking it. Support for this contention is sought in *Zweifel Manufacturing Corp.* v. *City of Peoria,* 11 Ill.2d 489, where we held that a property owner who had applied for and been granted a variation upon specified conditions could not, after accepting the benefits of the variation, at-

tack the conditions upon which it had been granted. But the plaintiff here, unlike the plaintiffs in *Zweifel* and other cases cited by the County, was not a party to the proceedings that resulted in the special use permit. It can hardly be maintained that the granting of such a permit upon application by a third party waived the rights of the plaintiff. We think that this situation more nearly resembles those cases in which it has been held that acquiescence in an invalid zoning classification, without more, does not create an estoppel. *La Salle Nat. Bank* v. *City of Evanston,* 24 Ill.2d 59; *Trust Co. of Chicago* v. *City of Chicago,* 408 Ill. 91. The decree of the circuit court is affirmed.

*Decree affirmed.*