John Stevenson and E. B. Kimpel, Jr., Plaintiffs in
Error,

*v.*

John Palmer, Chairman, John McGregor, Griffith
Burr, Perry Pipkin, Roane Waring, Jr., Donald
Thomas, and Alfred Alperin, Members of the Board of
Adjustment of the City of Memphis, Tennessee; Hunter
Lane, Jr., Commissioner of Public Service, City of Mem-
phis, Tennessee; Donald Arwood, Chief Building In-
spector, City of Memphis, Tennessee, Defendants in
Error.

448 S.W.2d 67

(*Jackson,* April Term, 1969.)

Opinion filed August 18, 1969.

Petition on Rehearing Denied December 15, 1969.

486

Feuerstein, Feibelman & Kaminsky, Memphis, for plaintiffs in error.

James M. Manire, City Attorney, Myron A. Halle, Jr., Assistant City Attorney, Memphis, for defendants in error.

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal by John Stevenson and E. B. Kimpel, Jr., herein referred to as plaintiffs in error, from the action of the trial court in sustaining the demurrer dismissing their cause of action.

The plaintiffs in error are the owners of a lot of land situated in an area of the City of Memphis, Tennessee zoned R-4-A Multiple Dwelling Use District. In the R-4-A District multiple dwellings can be constructed on a lot but all units must be included within one main building.

Plaintiffs in error desiring to construct an apartment complex of nine units, with eight apartments to each unit, applied to the Building Department of the City of Memphis for a building permit for this type of multiple construction. Upon denial of such permit appeal was taken to the Board of Adjustment. The Board of Adjustment, after a public hearing, granted plaintiffs in error an exception to the zoning ordinance allowing this group apartment complex to be constructed on this lot subject to certain specified conditions, one of them being that plaintiffs in error construct a brick wall around three sides of this development. Under this action of the Board of Adjustment, plaintiffs in error obtained a building permit and constructed these group apartments. This action of the Board of Adjustment is entered on its docket as No. 66-35, dated March 23, 1966.

In August, 1967, plaintiffs in error applied to the Board of Adjustment requesting a variation in order to be relieved of the requirement of building the brick wall imposed by the Board in its order of March 23, 1966. This request was founded first on hardship, and second

on lack of authority of the Board in granting the exception to make such requirement. The Board denied the relief sought. This action of the Board is carried on its docket as No. 67-102.

Plaintiffs in error timely appealed from this action of the Board of Adjustment under docket No. 67-102 to the Circuit Court by grant of writs of certiorari and supersedeas. The Board filed a demurrer which was sustained by the trial judge, resulting in this appeal to this Court.

Plaintiffs in error take the position that the trial court erred in sustaining the demurrer since the Board of Adjustment had no power or jurisdiction to grant an exception to the zoning ordinance to require the construction of the brick wall and the decision of the Board insofar as it required the construction of this brick wall was void.

▉ As a general rule the Board of Adjustment in granting the exception under docket No. 66-35 could not impose a condition or requirement more strict than the requirements of the ordinance under which it acted. The ordinance under which the Board granted the exception sets out no specific conditions or requirements. We must then look to the general powers of the Board.

Section 1912(c), Zoning Ordinance, City of Memphis, Tennessee, contains the following sentence:

The Board may reverse or affirm, wholly or partly or may modify the order, requirement, decision, or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end, shall have all the powers of the officer or department from which the appeal is taken.

The courts have consistently upheld the broad grants of power to administrative bodies unless such power is deemed arbitrary and discriminatory. 1 Yokley, Zoning Law and Practice, Section 4-19, cites *Huebner v. Philadelphia Saving Fund Society,* 127 Pa.Super. 28, 192 A. 139, and *Taylor v. Moore,* 303 Pa. 469, 154 A. 799, as authority for the following statement:

A general zoning ordinance of a city, passed under the authority of a legislative act and providing that a board of adjustment may, after public notice and public hearing, subject to appropriate conditions and safeguards, make special exceptions or variances in the terms of an ordinance in harmony with its general purposes and intent has been held a valid delegation of administrative power, and not an attempt to give the board a legislative function, since the authority given to the board did not permit the exercise of arbitrary power but set up standards to be followed and subjected to the board's actions to review for failure to exercise its discretion in accordance with provisions of the act.

The grant of power to the Board of Adjustment in Section 1912(c) above is restrained by adequate safeguards. There are provisions in the zoning ordinance for public notice, hearing and right of judicial review. The grant of broad powers to a board of adjustment in zoning matters is necessary in order for the Board to have the needed flexibility to properly function. No pieces of land are exactly alike and cannot be treated as the same for zoning purposes.

■ We think the order of the Board of Adjustment under docket No. 66-35 requiring as a condition to the

granting of the exception to the zoning ordinance the building of the brick wall was a valid order within the power and authority of the Board.

■ Under the statutes involved, Chapter 428, Private Acts of 1925, an appeal from the decision of the Board of Adjustment is to the Circuit Court and thirty days is allowed for such appeal. Plaintiffs in error did not appeal from the decision of the Board under docket No. 66-35, dated March 23, 1966, but under the decision obtained a building permit they desired and constructed the group of apartments. Plaintiffs in error under their application to the Board carried as docket No. 67-102, dated August 27, 1967, are now estopped to complain of the decision of the Board of March 23, 1966.

The judgment of the lower court is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.