Sidney **NATHANSON**, Albert I. Nathanson, et al., Petitioners,

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent.**

No. 5761.

District of Columbia Court of Appeals.

Argued Oct. 27, 1971.

Decided April 17, 1972.

---

5. In view of this disposition, we do not reach other contentions raised by appellant.

6. *See also* 36 C.F.R. § 50.6.

Whayne S. Quin, Washington, D. C., with whom Norman M. Glasgow, Washington, D. C., was on the brief, for petitioners.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent. David P. Sutton, Asst. Corp. Counsel, also entered an appearance for respondent.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

This is a petition for review of an order of the Board of Zoning Adjustment (the Board) denying rescission of a condition attached to a special exception granted petitioners in 1966. The condition required

construction of a 42-inch masonry wall on petitioners' premises which would prevent access to an abutting public alley behind the property.

In 1958, the owners of a 135 foot lot (7421 Georgia Avenue, N.W.) applied to the Board pursuant to Section 7514.12 of the Zoning Regulations for a special exception permitting the use of the rear 35 feet of the property zoned R–2 (one-family semi-detached dwellings) for parking and vehicular access to the front portion of the property zoned C–2 (Community Business Center) on which petitioners proposed to build a retail liquor store. The application for the special exception was granted and part of the 35 feet was subsequently dedicated as a public alley. The retail liquor store was constructed on the portion zoned C–2.

In January 1966, petitioners applied for another special exception for the construction of a storage facility for the store on part of the property zoned residential. On March 4, 1966, the Board granted the special exception and issued a preliminary order, which is referred to as a "buckslip."[1]

Approximately six weeks after the preliminary order, on April 22, 1966, the formal order granting the special exception was issued and it contained the condition that

appellant shall erect a 42″ masonry wall to close the lot from the alley.

A building permit was applied for on April 5, 1966, and was granted on June 3, 1966, more than five weeks after issuance of the Board's formal order. The permit did not specify plans for the construction of the wall required by the Board's order. The record shows affirmatively, however, that petitioners were aware of the condition in the formal order of April 22nd prior to issuance of the building permit on June 3rd, but failed to bring the condition to the attention of the Department of Licenses.[2] No wall was ever built. Because of complaints received from neighbors, the Board on July 22, 1970, requested that petitioners appear at a public hearing in order to show cause why the special exception should not be revoked for failure to comply with the condition imposed. Although no transcript of this hearing is in the record, it appears that petitioners were there permitted to apply for rescission of the condition. Petitioners did so and after a public hearing, the appeal was denied. Motions for rehearing and reconsideration were made before the Board and also denied.

Petitioners' contentions are threefold. They argue that (1) the Board is without jurisdiction or authority to deprive them of access to the alley by requiring construction of a wall as this action constitutes a taking of property without just compensation; (2) the Board is now estopped from requiring construction of the wall as the petitioners obtained a building permit in reliance upon the Board's preliminary order which they assert did not contain notice of the condition, and the building permit then acquired did not require a wall; (3) the Board acted illegally and arbitrarily in refusing to rescind the condition as the denial was not properly based upon findings of fact, conclusions of law, or evidence in the record.

■■■ In reference to the authority of the Board to limit access to the parking area of petitioners' property as a condition of granting the special exception, it is true that, generally, the right of access to public streets, and consequently alleys, constitutes

---

1. Petitioners assert that the preliminary order, which is not part of the record, contained no reference to a condition requiring construction of a wall. For reasons which will appear we need not concern ourselves with the contents of the preliminary order.

2. The fact that petitioners received actual notice of the condition through the final order well in advance of the issuance of the building permit makes the apparent unavailability to us of the preliminary order unimportant to the decision in this case.

a proprietary interest which may only be taken by the government upon payment of just compensation. *See* Brownlow v. O'Donoghue Bros., 51 App.D.C. 114, 276 F. 636 (1921). *See also* 10 McQuillan, Municipal Corporations § 30.63 (3d ed. rev. vol. 1966). An order of the Board would be void if it constituted a taking of a proprietary right without such compensation. Brownlow v. O'Donoghue, *supra.* The Board may apply reasonable conditions, however, to insure that the grant of a special exception will be in harmony with the Zoning Regulations and will not tend to affect adversely the use of neighboring property. *See* Zoning Regulations § 7514.-12(d); [3] North Plainfield v. Perone, 54 N.J.Super. 1, 148 A.2d 50 (1959); Everson v. Zoning Bd. of Adjustment, 395 Pa. 168, 149 A.2d 63 (1959); Stevenson v. Palmer, 223 Tenn. 485, 448 S.W.2d 67 (1969); 8A McQuillan, Municipal Corporations § 25.271 (3d ed. rev. vol. 1965).

█ Unlike in *Brownlow, supra,* this is not a case where the government seeks on its own initiative to take petitioners' property right. Instead, the Board, in response to petitioners' request for a special exception, attached a condition to the grant of the exception which in its view promoted harmony with the Zoning Regulations. Prior to acceptance of the special exception petitioners were not required to construct a wall as they could have challenged first the imposition of this condition. Moreover, the condition does not remove petitioners' access to the premises as compliance with it would leave open the principal street entrance to the parking area. Consequently, in this context we see no basis for viewing the condition as unreasonable and conclude there was no taking of property without just compensation.

Petitioners next contend that since the storage area was built in reliance upon a building permit not reflecting the necessity for a wall, the Board should be estopped from enforcing the condition.

██ Although estoppel has occasionally been invoked to prevent enforcement of zoning ordinances where there has been reliance upon an invalid order, District of Columbia v. Cahill, 60 App.D.C. 342, 54 F. 2d 453 (1931), generally the municipality will not be estopped from enforcing zoning regulations. *See* V. F. Zahodiakin Engineering Corp. v. Zoning Bd. of Adjustment, 8 N.J. 386, 86 A.2d 127 (1952); Leigh v. Wichita, 148 Kan. 607, 83 P.2d 644 (1938). *See also* 1 E. Yokley, Zoning Law and Practice § 10–8 (3d ed. 1965); 3 A. Rathkopf, Law of Zoning and Planning, 67–1 to 67–15 (3d ed. 1964). But, here, there can be no claim of justifiable reliance on an invalid order. The fact is petitioners received actual notice of the condition more than five weeks before issuance of the building permit, with construction of the storage facility being later. Consequently, they are in no position to claim that they placed unknowing reliance upon the building permit. Furthermore, at the outset of the Board hearing in October 1970, other counsel for petitioners, upon being asked why the wall was never built, replied:

Well, Mr. Chairman, when we were here several weeks ago, on a preliminary matter I was asked the same question, and I advised the Board that we are making no excuses for not having built the wall. It was the result of negligence on the part of the owners of the store. They were ill-advised as to the building of the wall by particular parties in interest. As a result the wall was not constructed. *They recognized that at the time they should have made their appeal instead of neglecting to build the wall.*

---

3. Section 7514.12(d) provides:
  The Board may impose requirements, pertaining to design, appearance, screening, location of structures, lighting, or such other requirement as it shall deem necessary to protect adjacent or nearby property.

\*   \*   \*   \*   \*   \*

[W]e should have brought the appeal at that time—we did not, and *that is why we appeared before the Board several weeks ago and asked the Board to consider our case on the merits.* [R. 73, 74.] (Emphasis supplied.)

■ It is evident that petitioners deliberately chose to ignore the condition of the Board's order. It was only years later when the order to show cause was issued due to neighborhood complaints that petitioners requested the Board to reconsider and remove the condition requiring the wall. The time to press objections to the condition was before taking advantage of the special exception benefits. Having accepted the benefits without contesting the condition, petitioners have waived any error that may have existed and may not now object to enforcement of the condition. *See* Zweifel Mfg. Corp. v. Peoria, 11 Ill.2d 489, 144 N.E.2d 593 (1957); Edmonds v. Los Angeles County, 40 Cal.2d 642, 255 P.2d 772 (1953); *cf.* Skipjack Cove Marina, Inc. v. County Commissioners, 252 Md. 440, 250 A.2d 260 (1969).

Petitioners complain nevertheless that the Board's findings in refusing to rescind the condition are erroneous and inadequate. While the findings leave something to be desired from the standpoint of disclosing specific bases for conclusions drawn, we think that on this record they are sufficient to support the result reached. A remand to obtain more explicit findings and further prolong this protracted litigation is not warranted under these particular circumstances.[4]

Affirmed.

---

4. We might say in passing, however, that if this were a case involving a timely appeal from a Board order, and without exceptional circumstances such as those prevailing here, we would have a question whether the findings meet the requirements of the District of Columbia Administrative Procedure Act that they be specific and precise. D.C.Code 1967, § 1–1509(e). *See also* the recent opinion of this court in Palmer v. Board of Zoning Adjustment, D.C.App., 287 A.2d 535 (1972), where we noted the same failure by the Board.