[Civ. No. 15553. Third Dist. Dec. 16, 1977.]

J-MARION COMPANY, INC., et al.,
Plaintiffs and Appellants, v.
COUNTY OF SACRAMENTO, Defendant and Respondent.

518

## COUNSEL

Dahl, Hefner, Stark & Marois, Robert W. Bell and Judy R. Campos for Plaintiffs and Appellants.

John B. Heinrich, County Counsel, and Robert S. Willett, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**EVANS, J.**—In 1962, Sacramento County, at the request of plaintiffs' predecessor in interest, reclassified plaintiffs' land from A-1-C (agriculture zone) to C-1 (limited commercial zone). The zoning reclassification was reduced to agreement form prior to adoption of the ordinance amending the zoning classification. That agreement, as recorded, contained a condition that alcoholic beverages would not be allowed or sold on the property subject to the zoning classification; that condition was made a part of the zoning agreement upon the request of the attorney-agent representing the then property owner. At the hearing before the board of supervisors, the agent made the following statement, " 'At the time of the hearing before the Planning Commission, a strong objection was voiced by the Baptist Church across the street. We have had a meeting with the minister and members of the board and the owners have promised in writing in a covenant that is going to be recorded they will promise no intoxicating beverages will be sold on this property as long as the church property is used for a church. In consideration of this promise, the church has evidenced in writing a complete withdrawal of any objections that they had to the rezoning. This withdrawal has been signed by the President of the Board of Trustees and the minister of the church is here if you would care to back this up. We would like to say that for further guarantees to them that this will not happen, we would request that you make this a condition of the rezoning. No intoxicating liquors can be sold.' "

In March 1972, plaintiffs' immediate prior predecessor in interest applied to the Sacramento County Planning Commission for modification of the agreement. That body recommended that the board of supervisors delete the condition in order to permit off-premises sale of beer and wine. The board declined to follow the recommendation and refused to modify the zoning agreement.

In December 1972, plaintiffs, with knowledge of the zoning contract and its conditions, purchased the property. In April 1974, plaintiffs filed the instant proceeding seeking a writ of mandate directing modification of the agreement and declaratory relief that the condition was unenforceable as violative of Government Code section 65852.

Plaintiffs asserted that the board of supervisors' refusal to alter the zoning contract was an abuse of discretion inasmuch as the condition contained in the zoning agreement was not a condition imposed on other properties in the same zoning classification and resulted in a violation of Government Code section 65852 which requires uniformity of zoning and use regulation. Plaintiffs also contended that they had expended in excess of $180,000 for the land and for improvements and would lose their investment unless the condition was removed. Following a hearing, the trial court determined that the mandate action was barred by the four-year statute of limitation provided for in Code of Civil Procedure section 343 inasmuch as the cause of action accrued upon the completion of the zoning proceeding in October of 1962; the court also held that that declaratory relief action seeking to have the condition declared unlawful was barred for the same reason and judgment was entered accordingly. Additionally, the trial court held that as plaintiffs' predecessor in interest had solicited the condition, they were estopped from repudiating the condition. The solicitation was held to constitute a waiver of objection, and plaintiffs with actual and constructive knowledge of the condition were also estopped to assert the invalidity of the condition as they did not possess any right superior to that of their predecessor in interest. As a result they were deemed to have constructively waived any objection to the zoning condition.

On appeal plaintiffs assert, (1) that the condition prohibiting the sale of intoxicating beverages is violative of Government Code section 65852, and its imposition by contract against plaintiffs' property unlawful; (2) the action is not barred by any statute of limitations; (3) the doctrine of waiver may not be asserted as a bar inasmuch as Government Code

section 65852 was enacted for public policy reasons and its provisions may not be waived; and (4) the action is not barred by the doctrine of estoppel or the doctrine of laches.

Plaintiffs' primary contention is that the zoning contract provisions prohibiting the sale or use of alcoholic beverages on the subject property is violative of the provisions of Government Code section 65852[1] which require a uniformity of zoning regulations.

The purpose behind the authorization for the statutory regulation of zoning and zoning procedures is contained in chapter 4 of title 7 of the Government Code. Within that chapter, section 65800 declares the basic purpose of the statutory zoning regulations to be to provide for the adoption and administration of zoning laws, ordinances, and regulations by counties and cities, and to provide only a minimum of limitation in order that counties and cities may exercise the maximum degree of control over local zoning matters. Section 65850 establishes the rights of counties to regulate by ordinance the use of buildings, structures, and land in various zoning categories. Section 65852 provides, "Uniformity of zoning regulations. All such regulations shall be uniform for each class or kind of building or use of land throughout each zone, but the regulation in one type of zone may differ from those in other types of zones."

Plaintiffs have not challenged the right of the county to undertake contract zoning, but does challenge the provisions of the particular contract. Heretofore, contract or conditional zoning has been judicially sanctioned in instances not involving uses of land or buildings within a particular zone. This court in *Scrutton* v. *County of Sacramento* (1969) 275 Cal.App.2d 412, at pages 417-418 [79 Cal.Rptr. 872], stated, "County zoning regulations are a manifestation of the local police power conferred by article XI, section 11, of the state Constitution, not an exercise of authority delegated by statute. [Citations.] In their intrinsic character and by express declaration the state laws on county and city zoning are designed as standardizing limitations over local zoning practices, not as specific grants of authority to legislate. The state statutes' silence on conditional rezoning is not a denial of power to pursue that practice. The practice must find its own justification as an appropriate exercise of the local police power. [Fns. deleted.]

[1] All code references, unless otherwise noted, will be to the Government Code.

"So-called 'Euclidean' zoning divides the community into homogeneous land use zones. Individual parcels may often be allowed a justified escape from this rigid grouping without detriment to zoning objectives. . . . California elucidations of the local police power recognize that other kinds of application for change in regulated land use may be granted subject to the landowner's compliance with reasonable conditions. The power to impose such conditions has been upheld in connection with the approval of subdivisions [citations]; with the grant of building permits [citations]; and with the grant of zoning variances [citations]. The power to impose conditions on rezoning furthers the well-being of landowners generally, promotes community development and serves the general welfare.

". . . The same police power which supports the imposition of reasonable conditions upon other kinds of change in land use sustains the power of California counties to engage in 'conditional rezoning.' "

In *Scrutton,* the court was dealing with the imposition of a condition not affecting the property's use but did require as a condition of zoning that the property owner install street improvements in order to achieve the classification change. Specifically involved was section 23(H) of the county's basic zoning ordinance which provided, "The Board of Supervisors may impose conditions to the zoning reclassification of property where it finds that said conditions must be imposed so as not to create problems inimical to the public health, safety and general welfare of the County of Sacramento." The *Scrutton* court at pages 418-419 stated, "Government Code section 65852, *supra,* aims at the general objective of uniform land use within each land zone. Conceivably, a condition evolved under section 23(H) of the county ordinance might illegally broaden or narrow permissible land uses in violation of the state law's uniformity standard. [Citation.] Alternatively, section 23(H) may be utilized to impose conditions in no way affecting the property's availability for uses identical with those of other property in the same zoning classification. Conditional zoning which does not affect the property's use does not violate the uniformity objective. The latter alternative characterizes the present case. The conditions imposed by the county would not prevent Mrs. Scrutton from using her property for all purposes within the multiple residential classification."

Initially, we observe that contracts affecting the use of land in zoning classifications, where the permitted use could be incompatible in

some respects to other land uses within the zone classification, may impose use limitations when the condition is acquiesced in by the landowner by specifically agreeing to the condition or failing to challenge its validity. (See *County of Imperial* v. *McDougal* (1977) 19 Cal.3d 505, 510-511 [138 Cal.Rptr. 472, 564 P.2d 14].) That court stated at page 511, "A number of cases have held that a landowner or his successor in title is barred from challenging a condition imposed upon the granting of a special permit if he has acquiesced therein by either specifically agreeing to the condition or failing to challenge its validity, and accepted the benefits afforded by the permit. (*Edmonds* v. *County of Los Angeles* (1953) 40 Cal.2d 642, 650 [255 P.2d 772]; *Zweifel Manufacturing Corp.* v. *City of Peoria* (1957) 11 Ill.2d 489 [144 N.E.2d 593, 595]; *Psyhogios* v. *Village of Skokie* (1972) 4 Ill.App.3d 186 [280 N.E.2d 552, 556]; *Skipjack Cove Marina, Inc.* v. *County Commissioners* (1969) 252 Md. 440 [250 A.2d 260, 265-267]; *Stevenson* v. *Palmer* (1969) 223 Tenn. 485 [448 S.W.2d 67, 69]; cf. *Naper Aero Club* v. *County of DuPage* (1964) 30 Ill.2d 447 [197 N.E.2d 1].)"

█ The uniformity requirements specified in section 65852 relate to "All such regulations" adopted under the authority of section 65800. The term all such regulations is a reference to legislative enactments, such as ordinances, and does not refer to or apply to consensual agreements. █ Accordingly, we determined that use limitations imposed upon land by consensual agreement are not violative of the uniformity provisions of section 65852; only use conditions unilaterally imposed by the legislative body as a condition and not consented to or acquiesced in by the owner or possessor come within the ambit of section 65852. █ We are not confronted with a situation in which use discrimination in the form of conditional zoning has been summarily imposed on one landowner. Such a unilateral use condition would obviously be violative of section 65852.

In the present instance the landowner, by and through its agent, requested the restriction as a condition of the zoning change. Under such circumstances, the owner has acquiesced in the conditional zoning and accepted the benefits offered by the zoning classification. The present use limitation resulted from a consensual agreement relating to the land's use and may not be challenged as a violation of the proscription of section 65852 against nonuniform application of use regulations.

By reason of our conclusion that the zoning contract here involved does not violate section 65852, we need not consider the remaining contentions raised by plaintiffs.

The judgments of the trial court are affirmed.

Regan, Acting P. J., and Reynoso, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 9, 1978.