Farley v. The Board of Commissioners of Hamilton County.

Judgment affirmed.

Filed Jan. 10, 1891.

<hr/>

No. 14,747.

FARLEY v. THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

COUNTY COMMISSIONERS.—*Order Allowing Animals to Run at Large.*—*No Appeal from.*—An order made by a board of county commissioners, under sections 2637 and 2638, R. S. 1881, directing that certain animals be allowed to pasture or run at large on the uninclosed lands or public commons within the county, is an administrative, not a judicial act, and an appeal will not lie from such order.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *M. Vestal,* for appellant.
*W. S. Christian,* for appellee.

McBRIDE, J.—The board of commissioners of Hamilton county made an order in accordance with sections 2637 and 2638, R. S. 1881, directing that certain animals be allowed to pasture or run at large on the uninclosed lands or public commons within that county. The appellant filed with the auditor an affidavit of interest under section 5772, R. S. 1881, alleging the nature of his interest, and that he was aggrieved by such order, and praying an appeal to the Ham-

ilton Circuit Court, tendered an appeal bond, with surety, which was approved by the auditor. The matter came on for hearing in the Hamilton Circuit Court on the 9th day of September, 1887, when the board of commissioners appeared and moved the court to dismiss the appeal upon the ground that the order of the board appealed from was an administrative act, and not judicial in its nature, and that no appeal would lie from the board to the circuit court.

This motion the court overruled. The board of commissioners excepted to the ruling and properly saved the question by a bill of exceptions.

The cause was tried by the court, and by request of the parties the court found the facts specially and stated its conclusions of law thereon. The conclusions of law were adverse to the appellant, and judgment was rendered against him for costs. He, at the proper time, excepted to the conclusions of law, and the only error assigned by him in this court is, that the court erred in its conclusions of law upon the facts found.

Appellees assign as cross-error the action of the court in overruling their motion to dismiss the appeal.

The view we take of the question presented by the cross-assignment of errors renders it unnecessary to consider the questions raised by the appellant.

As the law is now settled in this State, the only room for uncertainty in determining when appeals will and when they will not lie from the decisions of boards of county commissioners, is in determining whether the given decision is judicial in its character, or whether in making such decision the board acted in a ministerial or administrative capacity. If the decision is judicial in its nature, an appeal will lie, unless expressly or impliedly forbidden by statute. If, however, in making such decision the board acted in a purely ministerial or administrative capacity, or in the exercise of a discretionary power, no appeal will lie. *Padgett* v. *State*, 93 Ind. 396, and cases there cited; *Grusenmeyer* v. *City of*

*Logansport,* 76 Ind. 549; *Waller* v. *Wood,* 101 Ind. 138; *Platter* v. *Board, etc.,* 103 Ind. 360; *Hanna* v. *Board, etc.,* 29 Ind. 170; *O'Boyle* v. *Shannon,* 80 Ind. 159.

A very casual examination of sections 2637 and 2638, *supra,* will show that a board of commissioners, in exercising the power there conferred, is in no sense exercising a judicial function.

The statute requires the board to act and to direct by an order entered on their order-book what kind of animals shall be allowed to pasture or run at large on the uninclosed land or public commons within the bounds of any township in their respective counties. They act, however, upon their own motion. No petition is needed to invoke the exercise of the power, and they are entirely unrestricted as to the time and manner of exercising it. They may by such order permit all animals to run at large, or none, and they may at any time and in any manner, of their own motion, change, modify or revoke the order. No appeal will lie from such an order.

Appellant's counsel challenge the constitutionality of the two sections of the statute in question, and in an earnest and able brief insist upon the overruling of *Welch* v. *Bowen,* 103 Ind. 252. Of course this court can not, in this case, consider the question thus presented. As the circuit court erred in not dismissing the appeal, the appellant was not harmed by the judgment against him for costs.

The judgment below is affirmed.

Filed Jan. 10, 1891.