BOARD OF COMMISSIONERS OF DEARBORN COUNTY *v.* DROEGE ET AL.

[No. 28,255. Filed October 3, 1946.]

448

*Hartell F. Denmure,* of Aurora, for appellants.

*Charles A. Lowe,* of Lawrenceburg, for appellees.

O'MALLEY, J.—The instant case grew out of the action of the Board of County Commissioners of Dearborn County in appointing Melvin Licking, Trustee of Caesar Creek Township, to take the place of Martin H. Westmeyer. Westmeyer was the duly qualified and acting trustee from January 1, 1943, to March, 1945. In February, 1945, Westmeyer's wife filed a verified statement with the Clerk of the Dearborn Circuit Court under and pursuant to § 22-1203, Burns' 1933, wherein she charged him with insanity. Proceedings were had in conformity with the statute and Westmeyer, having been found to be insane, was committed to the Madison State Hospital, where he was confined from that time until the time of the trial in the lower court. On March 20, 1945, these facts were brought to the attention of the Board of County Commissioners of Dearborn County, by presentation of a transcript of the insanity proceedings, and the Board thereupon found the office of Trustee of Caesar Creek Township to be vacant and appointed Melvin Licking to fill such vacancy. From this action of the Board, the appellees appealed to the Circuit Court of Dearborn County. There was a trial in the Circuit Court and at its conclusion, it was adjudged that the action of the Board of County Commissioners, in declaring that a vacancy existed in the office of Trustee of Caesar Creek Township and in appointing Melvin Licking to fill the vacancy, was void

and of no effect. From this judgment the appellant appealed.

The boards of county commissioners of the various counties have not been authorized to remove trustees from office under any set of circumstances, but when there is a vacancy, the proper board of county commissioners can appoint a qualified person to fill such vacancy. In the instant case the Board merely recognized a vacancy in the office before making the appointment. If no vacancy existed, then there was no duty imposed on the board to fill the office. If no duty was imposed, the action in filling the vacancy was improper, and can be tested in the proper court in a proceeding brought for that purpose. The case of *The Board of Commissioners of Knox County* v. *Johnson* (1890), 124 Ind. 145, 24 N. E. 148, cited by the appellees, involved the removal of a county superintendent of schools from office under a statute granting such power to the boards of county commissioners of counties. This case is of no value in the instant matter because of the difference in the questions involved.

The question presented necessitates the consideration of §§ 26-820, 26-901, and 26-907, Burns' 1933, which govern appeals from any decisions of the board of county commissioners. The words "any decisions" have been held to mean judicial decisions and unless the action of the board was of a judicial character, no appeal is available thereunder. Furthermore, this court has said that the right to appeal from actions of the board of county commissioners of a county is by law limited to matters that are judicial in character, unless an express provision for the appeal is made by statute. *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816; *State ex rel. Sink* v. *Circuit*

*Court of Cass County* (1938), 214 Ind. 323, 15 N. E. (2d) 624.

It seems to us that the act of the county commissioners in filling the vacancy was ministerial and not judicial in character. No statute authorizing the appeal has been pointed out and we have been unable to find one. Under our authorities we are compelled to declare the action of the Dearborn Circuit Court void. Under the facts involved in this ;case, the right of appeal lies for the one purpose of setting aside the judgment, and the jurisdiction of this court is limited to that purpose. *Cushman* v. *Hussey, supra.*

The judgment of the Dearborn Circuit Court is reversed with instructions to dismiss the appeal based on the action of the county commissioners.

NOTE.—Reported in 68 N. E. (2d) 650.