JOHN BRYANT, JR. ET AL. *v.* LAKE COUNTY TRUST
COMPANY ET AL.

[No. 272A103. Filed June 29, 1972. Rehearing denied August 10, 1972.]

*Saul I. Ruman*, of Hammond, for appellant.

*Kenneth D. Reed*, of Hammond, *William J. Muha*, of Highland, for appellee.

SHARP, J.—This case comes before us on an appeal from an order of the Lake Circuit Court granting Appellees' Motion to Dismiss under Rule TR. 12(B), Indiana Rules of Procedure and the trial court's subsequent denial of Appellants' Motion to Correct Errors.

This controversy involves a challenge by nearby property owners to a proposed construction of a large mobile home park in the rural southern part of Lake County. The property on which the project will be built was purportedly rezoned under a Mobile Home Ordinance by an amendment to the zoning ordinance passed by the Board of County Commissioners. Appellants filed a complaint in two paragraphs, the first seeking a declaratory judgment as to the validity of the amendment and an injunction against any construction under said amendment, and the second paragraph seeking a

writ of certiorari to review the decision of the Lake County Plan Commission.

Appellants allege, *inter alia*, that they are owners of real property in the vicinity of the real estate in controversy and that they are adversely affected by the amendment to the zoning ordinance.

The Lake County Trust Company is the title holder of record under a trust agreement. During January 1971, Richard Klaas, a developer and beneficial owner of the land, filed a request with the Plan Commission for various zoning changes, one of which was to rezone part of the property to PUD (Planned Unit Development), Class I. At the time of such request the County Zoning Ordinance did not provide for a classification PUD, Class I.

Subsequent to the request, the Plan Commission gave notice of the hearing on the proposed rezoning of the property from A-1 agricultural to PUD, Class I. At the time of the notice, PUD, Class I was not used in any Lake County Ordinance. The classification only appeared in a proposed Mobile Home Ordinance, which at the time of the notice had not yet been adopted.

On February 8, 1971, the Board of County Commissioners passed the Mobile Home Ordinance, which requires ten (10) days notice to be given the public prior to a Plan Commission hearing on an amendment. On the same day the Plan Commission considered the request on the proposed amendment which would rezone the property to PUD, Class I and recommended to the Board of County Commissioners that the amendment be adopted.

At its regular meeting of May 10, 1971, the Board of County Commissioners considered the recommendation to amend the zoning ordinance. One of the commissioners moved for adoption, but his actual vote was not recorded and the other two commissioners voted against the proposed amendment.

After the 30 day statutory period for appeal had expired with no further action having been taken by either side, the

Lake County Trust Company brought an action in the Lake Superior Court in the case of Lake County Trust Co. v. The Board of Commissioners of Lake County, Cause Number 571-418, for a Declaratory Judgment, essentially arguing that in order to defeat a favorable recommendation of the Plan Commission, the Board of County Commissioners must unanimously vote against said recommendation. None of the Appellants, who were remonstrators against the amendment, were made parties to that action. On August 6, 1971, judgment was rendered in the Lake Superior Court declaring that the land had been rezoned as of the date when the Board failed to unanimously reject the Plan Commission's recommendation. On August 9, 1971, final approval was given the revised plans for the construction of the mobile home park by the Plan Commission.

Within 30 days from the date of final approval of the construction plans by the Plan Commission, Appellants filed the complaint here in the Lake Circuit Court. The complaint was in two legal paragraphs, the first paragraph of which prayed for an injunction against the proposed construction and for a judgment declaring that the amendment to the zoning ordinance was illegal and void because of defective notice and because the amendment was defeated at the May 10, 1971, meeting of the Board of County Commissioners. Appellees filed in the trial court a Motion to Dismiss under Rule TR. 12(B) (1), (2), (6) and (7). Said motion was granted by the trial court but it did not designate which ground or grounds constituted the basis for the dismissal. The sole issue in this appeal is whether the trial court properly granted Appellees' Motion to Dismiss.

The primary thrust of Appellees' Motion to Dismiss may be summarized as asking the trial court to dismiss Appellants' complaint for the reason that Appellants failed to timely challenge the rezoning in the exclusive manner prescribed by law pursuant to IC 1971, 18-7-5-1, *et seq.*, Ind. Ann. Stat. § 57-701, *et seq.* (Burns 1964). Thus

the motion to dismiss concludes that Appellants have not properly perfected their remedy under the statute and that the trial court lacked jurisdiction over the subject matter of the complaint. Failure to comply or to pursue statutory remedies is jurisdictional and is properly raised by a Rule TR. 12 (B) (1) motion. *Cooper* v. *County Board of Review* (1971), 150 Ind. App. 232, 276 N. E. 2d 533, *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 606, 284 N. E. 2d 119. When a trial court grants a motion to dismiss for lack of jurisdiction over the subject matter, it has no further power to adjudicate whether or not the complaint stated a claim upon which relief could be granted pursuant to Rule TR. 12 (B) (6). *Cooper* v. *County Board of Review, supra.*

The first issue is whether the trial court properly granted the motion to dismiss for lack of jurisdiction over the subject matter. Essentially, it is the contention of Appellants that Appellees failed to appeal the amendment to the zoning ordinance to the Board of Zoning Appeals as provided in IC 1971, §§ 18-7-5-82 through 18-7-5-93, Ind. Ann. Stat. §§ 53-778 through 53-789 (Burns 1964 Repl.). The Board of Zoning Appeals is empowered to hear and determine appeals from any order, requirement, decision or determination made by a board charged with the enforcement of any ordinance or regulation duly adopted. It is not endowed with the power to overturn or veto, in its entirety, an amendment to a zoning ordinance enacted by the Board of County Commissioners, although it can grant a variance thereto.

While the General Assembly may confer upon the several counties, cities, towns, etc., powers of local legislative and administrative character, such powers are not self-executing and the statutory directions concerning the manner in which said power may be executed must be followed to give validity to any act taken pursuant to such power. *Board of Zoning Appeals* v. *Parson* (1964), 136 Ind. App. 520, 202 N. E. 2d 589. All actions taken under said power and grant of authority must clearly conform to

the terms of the grant and any amendment to a zoning ordinance must be pursuant to and in substantial compliance with the statute granting such power.

In Indiana, the power to zone or rezone property is vested in the City Council or the Board of County Commissioners. IC 1971, 18-7-5-58, Ind. Ann. Stat. § 53-756 (Burns 1964 Repl.), *City of East Chicago* v. *Sinclair Ref. Company* (1952), 232 Ind. 295, 111 N. E. 2d 459, and the adoption of a zoning ordinance or an amendment thereto is a legislative function of those bodies. Only an amendment to a zoning ordinance can effectuate a variance which substantially alters the character of an area so that it is no longer in harmony with the general purpose and intent of said ordinance. *Antrim* v. *Hohlt* (1952), 122 Ind. App. 681, 108 N. E. 2d 197; *City of Indianapolis* v. *Ostrom Realty & Construction Co.* (1932), 95 Ind. App. 376, 176 N. E. 246; and *City of East Chicago* v. *Sinclair Ref. Co., supra.* Thus the Board of Zoning Appeals does not have the authority to rezone land nor does it have the authority to invalidate an amendment to a zoning ordinance. It does possess the power to grant a variance thereto, but only if said variance does not substantially alter the character of the general area. *Antrim* v. *Hohlt, supra,* IC 1971, 18-7-5-82, Ind. Ann. Stat. § 53-778 (Burns 1964), provides an administrative remedy for persons whose property is unreasonably restricted by the terms of the ordinance or where, owing to special conditions, a literal enforcement of the ordinance will result in unnecessary hardship. *City of East Chicago* v. *Sinclair Ref. Co., supra.* It does not provide an administrative remedy for property owners in the vicinity who wish to contest the validity of an amendment to a zoning ordinance.

Also, the Appellants assert that the ordinance is void in its entirety for, among other reasons, lack of adequate notice. Where it is claimed that the entire zoning ordinance is void, the remedy is not by resort to an appeal to the Board of Zoning Appeals or by writ of certiorari, but may be asserted by direct action. *City of South Bend* v.

*Marckle* (1938), 215 Ind. 74, 18 N. E. 2d 764. In *State ex rel. Saylor Development Co.* v. *Circuit Court of Marion County* (1960), 240 Ind. 648, 649, 167 N. E. 2d 470, there was a complaint for an injunction which alleged "that the purported amendment of the zoning ordinance for the proposed use as a shopping center was illegal and void for a number of reasons, among them, that the requisite statutory notice was not given to certain property owners". Judge, now Chief Justice, Arterburn, in speaking for our Supreme Court, stated:

> "Respondent points out that the 1955 Zoning Act, which is applicable in the case before us, makes no provision for an appeal from the Metropolitan Plan Commission or council when the master plan is amended. A review is granted only from actions of the board of zoning appeals. (Burns' § 53-974.) It is urged that the legislature, having failed to provide for an administrative appeal, the respondent, nevertheless, is constitutionally entitled to a judicial review. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Hansen* v. *Town of Highland* (1958), 237 Ind. 516, 147 N. E. 2d 221; *City of Plymouth* v. *Stream Pollution Cont. Bd.* (1958), 238 Ind. 439, 151 N. E. 2d 626; *Mann* v. *City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N. E. 2d 577. In the latter case we said: (at p. 579).
>
> 'We have held that where the legislature has failed to provide for a statutory remedy of appeal sufficiently broad, the courts nevertheless will grant such a judicial review, since each litigant is entitled to an appeal. (Cases cited.)
>
> 'This may be done by a proceeding in equity asking for an injunction against the alleged erroneous action of the board, commission or governmental corporation. The appellant has done that in this case in its complaint against the city. In addition to raising the constitutional questions the complaint, by specific allegation, has raised the issue of unreasonableness and arbitrary action of the City . . ."

See also *Hirschman et al.* v. *Marion County Plan Commission et al.* (1958), 128 Ind. App. 520, 146 N. E. 2d 277.

Although *Saylor, supra,* dealt with IC 1971, 18-7-2-1 *et seq.,* Ind. Ann. Stat. §§ 53-901 *et seq.* (Burns 1964), which does not provide for an administrative appeal from a decision of the Plan Commission it is still controlling. Both this Court and our Supreme Court have held that a

recommendation of an amendment to a zoning ordinance is not a decision within the meaning of IC 1971, 18-7-5-57, Ind. Ann. Stat. § 53-755 (Burns 1964). *Wright* v. *Marion County Plan Commission* (1960), 130 Ind. App. 203, 163 N. E. 2d 259; *Clark* v. *Town of Griffith* (1961), 132 Ind. App. 208, 176 N. E. 2d 481; *McGraw* v. *Marion County Plan Commission* (1961), 131 Ind. App. 686, 174 N. E. 2d 757; and *Droege* v. *St. Joseph County Plan Commission* (1961), 132 Ind. App. 171, 175 N. E. 2d 432.

The complaint, in addition to seeking an injunction, prayed for a judgment declaring that the land in controversy had not been rezoned and that the judgment rendered on August 6, 1971, by the Lake Superior Court, Room No. 5, in the case of Lake County Trust v. Board of County Commissioners of Lake County, et al., Cause No. 517-418, is null and void as to Appellants. While the Circuit Court does not possess the power to void a valid declaratory judgment rendered by another court of concurrent jurisdiction, the Circuit Court is not precluded from acquiring jurisdiction nor are the rights of Appellants prejudiced in any way by said judgment. The Appellants were not parties to the action before the Lake Superior Court nor were the issues in that case the same as the ones involved here.

Thus, the Circuit Court has no power to void the judgment of the Lake Superior Court, but the Circuit Court does possess the power to declare, under the facts of this case, whether the amendment is valid and the Lake Superior Court judgment cannot be interposed as a defense thereto. In other words, the Lake Superior Court judgment has no place in the instant litigation. It cannot be declared void nor can it prejudice the rights of Appellants.

The Declaratory Judgment Act, IC 1971, 34-4-10-11, Ind. Ann. Stat. § 3-1111 (Burns 1968), under which the Lake County Trust Company based its action in the Lake Superior Court, reads as follows:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would

be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

In *Amann* v. *Tankersley* (1971), 149 Ind. App. 501, 273 N. E. 2d 772, 777, this court enunciated eight essential elements necessary for the application of the Doctrine of Res Judicata. It is not necessary to reiterate all eight elements as we are only concerned with the identity of parties and the identity of the subject matter or issues. Neither of these two essential elements are present and, therefore, appellants are entitled to raise the issue of the validity of the amendment to the zoning ordinance and are not bound by said judgment of the Lake Superior Court. We, therefore, hold that the trial court, as to the first paragraph of the complaint, acquired jurisdiction over the subject matter of the controversy.

The arguments supporting the specification in the Motion to Dismiss that the complaint fails to state a claim upon which relief could be granted under Rule TR. 12(B) (6) are essentially the same as those previously advanced under Rule TR. 12(B) (1). We see no need to consider these arguments anew except to hold that the case law previously cited is again applicable. The allegations of the complaint, which must be taken as true, are sufficient to withstand and overcome a motion to dismiss for failure to state a claim. Appellants have filed a complaint which prays for several concurrent and alternative reliefs. Where a complaint shows that the plaintiff may be entitled to some relief, the complaint is not to be dismissed even though the complaining party may not be entitled to all the particular relief for which he asks in his demand for judgment. *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273 N. E. 2d 767.

The last several specifications of Appellees' Motion to Dismiss concern particular deficiencies as to several of the alternative prayers for relief and do not involve the substance of the complaint. Since we hold that the complaint is sufficient, at least as to the prayer for injunction and declaratory judg-

ment, we need not consider these specifications. Finally, Appellees argue that the trial court lacked jurisdiction over the persons under Rule TR. 12 (B) (2) in that the complaint was not properly filed. Appellees had specifically attacked said filing by a concurrent Motion to Strike and Expunge, which was denied by the trial court. Appellees have not argued this specification in either their brief or in oral argument, and we do not believe that it could have or should have been the basis for granting the Motion to Dismiss.

Considering all the above, we hold that the Motion to Dismiss was erroneously granted by the trial court. Therefore, said decision must be reversed and this case remanded to the trial court with instructions to deny said motion to dismiss.

Reversed and remanded.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 284 N. E. 2d 537.