JAMES CHRISTY, A RESIDENT OF COOLWOOD ACRES, AND ALL OTHERS SIMILARLY SITUATED *v.* BOARD OF COUNTY COMMISSIONERS OF PORTER COUNTY, AND MARTIN ERICSON, PRESIDENT; JOHN BARILE, JR. AND LAURETTA J. BARILE, HUSBAND AND WIFE; AND NORMAN D. BUSH AND CAROLYN WELLS BUSH, HUSBAND AND WIFE.

[No. 3-1272A91. Filed May 16, 1973.]

*Ronald V. Aungst, Lyons, Aungst & Guastella,* of Valparaiso, for appellants.

*William H. Wagner, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, attorney for appellees Barile and Bush; *Robert K. Claudon, Conover, Claudon & Billings,* of Valparaiso, attorney for appellees Board of Commissioners and Martin Ericson.

# I.

## STATEMENT ON THE APPEAL

STATON, J.—A rezoning ordinance was adopted by the Board of County Commissioners, and James Christy filed his affidavit seeking judicial review of their legislative action. A motion to dismiss was filed pursuant to Rule TR. 12(B)(1) and granted. Christy's motion to correct errors was filed and denied by the trial court. This denial of Christy's motion to correct errors presents this question for our determination:

> Does IC 1971, 17-1-14-24; Ind. Ann. Stat. § 26-901 (Burns 1970) permit judicial review of a legislative action of the Board of County Commissioners?

Our opinion concludes that the above cited statute does not permit judicial review of legislative action taken by the Board of County Commissioners and that the term "any decisions" used in the statute means judicial decisions only. We affirm the judgment of the trial court which denied Christy's motion to correct errors in our opinion which follows:

# II.

## STATEMENT OF THE FACTS

On October 4, 1971, the Board of County Commissioners adopted an ordinance rezoning certain real estate in Porter County from R-1 Residential to C-4 General Business Roadside. Christy sought judicial review of the action taken by the Board of County Commissioners when he filed his affidavit on November 18, 1971 alleging interest and aggrievement. John Barile, Jr., et al., owners of the property rezoned, filed a petition to intervene on November 19, 1971. Barile immediately filed a motion to dismiss pursuant to Rule TR. 12(B)(1) of the Indiana Rules of Procedure. The motion to dismiss was granted on May 30, 1972. Christy timely filed a motion to correct errors which was subsequently overruled.

This appeal was fully briefed and distributed to our Court on March 1, 1973. Oral argument was completed on May 3, 1973.

## III.
## STATEMENT ON THE ISSUE

The issue raised by Christy's motion to correct errors for determination by this Court on appeal is:

Does IC 1971, 17-1-14-24; Ind. Ann. Stat. § 26-901 (Burns 1970) permit judicial review of a legislative action of the Board of County Commissioners? .

Our Statement on the Law which follows will not burden this opinion with a discussion of whether the County Board's rezoning was a legislative or judicial act. It is well settled that this action is legislative in nature.[1] Christy's contention is that the act of rezoning by the Board of Commissioners is reviewable even though it is legislative.

## IV.
## STATEMENT ON THE LAW

It is Christy's contention that IC 1971, 17-1-14-24, *supra*, provides for judicial review of "all decisions" of the Board of County Commissioners and that he followed the proper procedure to obtain review. He further contends that even though the decision sought to be reviewed was legislative and not judicial, it is still a decision within the meaning of IC 1971, 17-1-14-24; *supra*. Christy summarizes his position on page 6 of his brief as follows:

"It is the position of the appellant that even though the decision by the Board of County Commissioners of Porter County, Indiana in overruling the recommendation of the Porter County Plan Commission was in fact a legislative as opposed to a judicial decision, that nevertheless said legislative decision was appealable and reviewable by the trial court."

The Supreme Court of Indiana had this identical question presented to it in *Board of Com'rs. of Dearborn County* v. *Droege* (1946), 224 Ind. 446, 449, 68 N.E.2d 650. In an unanimous decision, Judge O'Malley stated:

---

1. See *Krimendahl* v. *Common Council of City of Noblesville* (1971), 256 Ind. 193, 267 N.E.2d 547.

"The question presented necessitates the consideration of §§ 26-820, *26-901,* and 26-907, Burns' 1933, which govern appeals from any decisions of the board of county commissioners. The words 'any decisions' have been held to mean judicial decisions and unless the action of the board was of a judicial character, no appeal is available thereunder." (our emphasis)

See also: *Hanna* v. *Board of Com'rs. of Putnam County* (1867), 29 Ind. 170, 172; *O'Boyle* v. *Shannon* (1881), 80 Ind. 159; *Sims* v. *Board of Com'rs. of Monroe County* (1872), 39 Ind. 40; *Board of Com'rs. of Vigo County* v. *Davis* (1893), 136 Ind. 503, 36 N.E. 141; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N.E.10; *Hyde* v. *Board of Com'rs. of Wells County* (1935), 209 Ind. 245, 198 N.E. 333; *Droege* v. *St. Joseph County Plan Commission* (1961), 132 Ind. App. 71, 175 N.E.2d 432; and *Krimendahl* v. *Common Council of City of Noblesville* (1971), 256 Ind. 193, 267 N.E.2d 547.

## V.
### DECISION OF THE COURT

The statute, IC 1971, 17-1-14-24; Ind. Ann. Stat. § 26-901 (Burns 1970), does not encompass the review of Legislative action by the Board of County Commissioners. The words "any decisions" used in the statute have been held to mean judicial decisions only. *Board of Com'rs. of Dearborn County* v. *Droege, supra.* The rezoning ordinance of the Board of County Commissioners was a legislative act and not subject to judicial review. The granting of the Rule TR. 12(B) (1) motion to dismiss was a correct ruling.[2] Therefore, the judgment of the trial court denying Christy's motion to correct errors should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 295 N.E.2d 849.

---

2. An attack of this type is an attack on the court's jurisdiction over the subject matter. *Board of Com'rs. of Vigo County* v. *Davis* (1893), 136 Ind. 504, 505, 36 N.E. 141.