BRYANT ET AL. *v.* LAKE COUNTY TRUST CO.

[Nos. 4-72A213, 3-672A14. Filed September 24, 1975. Rehearing denied November 17, 1975. Transfer denied May 25, 1976.]

94

Saul I. Ruman, of Hammond, for appellants.

Kenneth D. Reed, of Hammond, for appellee Lake County Trust Company, and Richard Kloss. William J. Muha, Zandstra, Zandstra, and Muha, of Highland, for appellees Board of Commissioners of Lake County and Lake County Plan Commission. Joseph L. Skozen, Munster, for appellee Lake County.

HOFFMAN, J.[1]—This action consolidates for purposes of appeal two lawsuits arising out of a change in zoning classification of certain land located in Lake County, Indiana, which would permit the construction of a large mobile home park. Much of the factual background of these causes was ably summarized by Judge Allen Sharp speaking for this court in Bryant v. Lake County Trust Company (1972), 152 Ind. App. 628, at 629, 284 N.E.2d 537, at 538-539, a third lawsuit which concerned this same series of events:

> "This controversy involves a challenge by nearby property owners to a proposed construction of a large mobile home park in the rural southern part of Lake County. The property on which the project will be built was purportedly rezoned under a Mobile Home Ordinance by an amendment to the zoning ordinance passed by the Board of County Commissioners.***.
>
> "Appellants allege, inter alia, that they are owners of real property in the vicinity of the real estate in controversy and that they are adversely affected by the amendment to the zoning ordinance.

---

1. This appeal was assigned to the writer on October 18, 1974.

"The Lake County Trust Company is the title holder of record under a trust agreement. During January 1971 Richard Klaas, a developer and beneficial owner of the land, filed a request with the Plan Commission for various zoning changes, one of which was to rezone part of the property to PUD (Planned Unit Development), Class I. At the time of such request the County Zoning Ordinance did not provide for a classification PUD, Class I.

"Subsequent to the request, the Plan Commission gave notice of the hearing on the proposed rezoning of the property from A-1 agricultural to PUD, Class I. At the time of the notice, PUD, Class I was not used in any Lake County Ordinance. The classification only appeared in a proposed Mobile Home Ordinance, which at the time of the notice had not yet been adopted.

"On February 8, 1971, the Board of County Commissioners passed the Mobile Home Ordinance, which requires ten (10) days notice to be given the public prior to a Plan Commission hearing on an amendment. On the same day the Plan Commission considered the request on the proposed amendment which would rezone the property to PUD, Class I and recommended to the Board of County Commissioners that the amendment be adopted.

"At its regular meeting of May 10, 1971, the Board of County Commissioners considered the recommendation to amend the zoning ordinance. One of the commissioners moved for adoption, but his actual vote was not recorded and the other two commissioners voted against the proposed amendment.

"After the 30 day statutory period for appeal had expired with no further action having been taken by either side, the Lake County Trust Company brought an action in the Lake Superior Court in the case of Lake County Trust Co. v. The Board of Commissioners of Lake County, Cause Number 571-418, for a Declaratory Judgment, essentially arguing that in order to defeat a favorable recommendation of the Plan Commission, the Board of County Commissioners must unanimously vote against said recommendation. None of the Appellants, who were remonstrators against the amendment, were made parties to that action. On August 6, 1971, judgment was rendered in the Lake Superior Court declaring that the land had been rezoned as of the date when the Board failed to unanimously reject the Plan Commission's recommendation. On August 9, 1971, final approval

was given the revised plans for the construction of the mobile home park by the Plan Commission."

On September 8, 1971, appellants filed a complaint in the Lake Circuit Court (Cause No. C71-1384). As stated in *Bryant* v. *Lake County Trust Company, supra,* at 631 of 152 Ind. App., at 539 of 284 N.E.2d:

> "The complaint was in two legal paragraphs, the first paragraph of which prayed for an injunction against the proposed construction and for a judgment declaring that the amendment to the zoning ordinance was illegal and void because of defective notice and because the amendment was defeated at the May 10, 1971, meeting of the Board of County Commissioners. Appellees filed in the trial court a Motion to Dismiss under Rule TR. 12(B) (1), (2), (6) and (7). Said motion was granted by the trial court but it did not designate which ground or grounds constituted the basis for the dismissal."

The judgment of dismissal entered by the trial court in Cause No. C71-1384 was reversed and remanded on June 29, 1972, in Appeal No. 272 A 103, by the opinion of this court therein being *Bryant* v. *Lake County Trust Company, supra.*

Previously, on October 7, 1971, appellants had filed a "Complaint—Appeal from Board of County Commissioners" in the Lake Circuit Court (Cause No. C71-1560) seeking the following relief:

> "1. Reversing and overruling the decision of the Board of County Commissioners to approve final plans for the mobile home park;
> "2. Directing said defendant Board of County Commissioners to deny the petition of defendant Richard Klaas and/or defendant Lake County Trust Company;
> "3. For all other proper relief including costs herein."

Defendants Klaas and Lake County Trust Company filed a motion to dismiss such action, which was overruled by the trial court on October 26, 1971. Thereafter a special judge qualified and motions for summary judgment were filed by both sides.

On February 3, 1972, the trial court granted the motion for summary judgment of defendants-appellees Lake County Trust Company, *et al.* on the ground that it lacked subject-matter jurisdiction of the action. Plaintiffs-appellants timely filed their motion to correct errors directed to this grant of summary judgment, which motion was overruled by the trial court. Appellants then perfected Appeal No. 3-672 A 14 to this court.

Meanwhile, on October 8, 1971, appellants had also filed their motion for intervention and a motion for relief from judgment in Lake Superior Court in Cause No. 571-418, which was the declaratory judgment action described in *Bryant* v. *Lake County Trust Company, supra.* After a hearing on such motions, the trial court overruled them on October 28, 1971. Thereafter, appellants timely perfected Appeal No. 472 A 213 to this court questioning such action.

On August 4, 1972, an order was entered by this court consolidating Appeal No. 3-672 A 14 with Appeal No. 472 A 213. Thus, the appeal presently before this court, No. 472 A 213, presents for appellate consideration issues raised from both Lake Superior Court Cause No. 571-418 and Lake Circuit Court Cause No. C71-1560. These separate causes will be referred to hereinafter as the declaratory judgment action and the appeal action, respectively.

As revealed by the prayer for relief quoted hereinabove, appellants sought a review in the appeal action of the approval by the Lake County Board of Commissioners (Board) of plans and specifications for Klaas' mobile home park. Such appeal was brought pursuant to IC 1971, 17-1-14-24, *et seq.* (Burns Code Ed.), which statutes provide for appeals to the Circuit Court of certain decisions of Boards of County Commissioners, when such appeals are taken within 30 days after the questioned decision.

The seemingly broad language of IC 1971, 17-1-14-24, *supra,* authorizing appeals from "all decisions" of a Board of

County Commissioners, has been consistently construed by our courts as authorizing only appeals from decisions of such Boards which are judicial in character. *Board of Com'rs. of Dearborn County* v. *Droege* (1946), 224 Ind. 446, 68 N.E.2d 650; *Hyde* v. *Board of Commissioners of Wells County* (1935), 209 Ind. 245, 198 N.E. 333; *The Board of Commissioners of Vigo County* v. *Davis et al.* (1894), 136 Ind. 503, 36 N.E. 141; *Christy* v. *Board of County Comr's. of Porter County* (1973), 156 Ind. App. 268, 295 N.E.2d 849. Thus, any act by such a Board which is administrative, ministerial, discretionary or legislative in nature is not reviewable under the authority of IC 1971, 17-1-14-24, *supra*. *Board of Comr's. of Dearborn County* v. *Droege, supra; Bunnell* v. *The Board of Commissioners of White County, et al.* (1890), 124 Ind. 1, 24 N.E. 370; *Sims* v. *The Board of Commissioners of Monroe County* (1872), 39 Ind. 40; *Christy* v. *Board of County Comr's. of Porter County, supra; Kraus* v. *Board, etc.* (1907), 39 Ind. App. 624, 80 N.E. 544.

The particular act by appellee Board which appellants sought to have reviewed in the appeal action was its approval of the plans and specifications for the mobile home park as being in conformity with the requirements of a then recent amendment to the Lake County Mobile Home Ordinance. Such amendatory ordinance, which appears in the record before this court, includes provisions amending Title VI, § 19, of the Lake County Zoning Ordinance to provide for approval by the Board of residential mobile home park development plans. However, inasmuch as such approval by the Board is clearly not a judicial act, it must be concluded that no appeal of any decision by it approving or disapproving such a plan will lie under the provisions of IC 1971, 17-1-14-24, *supra*.

Furthermore, insofar as appellants attempted to raise in the appeal action the issue of the validity of an amendment

to the Lake County Zoning Ordinance which rezoned Klaas' property, such issue was also an improper subject of such an appeal action. This is because the enactment of an amendatory zoning ordinance is a legislative function of such a Board, and no such appeal lies from such a Board action. *Christy* v. *Board of County Comr's. of Porter County, supra; Bryant* v. *Lake County Trust Company, supra.*

Therefore, the trial court in the appeal action properly held that it lacked subject-matter jurisdiction of this action. Its grant of summary judgment must be affirmed because no material issue of fact existed and appellees were entitled to judgment as a matter of law. See, Ind. Rules of Procedure, Trial Rule 56 (C).

As stated hereinabove, the declaratory judgment action which is consolidated as a part of this appeal was brought by appellant Lake County Trust Company to determine the zoning status of Klaas' land following a 2-0 vote of the Board against adoption of an amendment rezoning such land. Appellants sought to intervene in such lawsuit after judgment for the purpose of litigating an issue not contested by the parties: Whether such purported amendment of the Lake County Zoning Ordinance was void by reason of an asserted failure of compliance with the notice procedures prescribed by IC 1971, 18-7-5-44 (Burns Code Ed.), and IC 1971, 18-7-5-39 (Burns Code Ed.), during proceedings on the amendment before the County Plan Commission.

Shortly after moving to intervene in the declaratory judgment action, appellants commenced another lawsuit also questioning the propriety of such notice procedures. Appellants' complaint in such lawsuit was held a proper method of questioning the validity of such amendment in *Bryant* v. *Lake County Trust Company, supra* (1972), 152 Ind. App. 628, 284 N.E.2d 537. Similarly, see, *State ex rel. Saylor Develop. Co.* v. *Circuit Court* (1960), 240 Ind. 648, 167 N.E.2d 470.

Appellants sought to intervene in the declaratory judgment action after judgment was entered by the trial court by moving for a relief from such judgment under Ind. Rules of Procedure, Trial Rule 60, and to intervene under Ind. Rules of Procedure, Trial Rule 24.

Although intervention after judgment is authorized by Trial Rule 24(C), *supra,* for the purposes of appeal or for motions under Ind. Rules of Procedure, Trial Rule 50, and Trial Rule 60, *supra,* such intervention is subject to the requirements of Trial Rule 24(A) and (B), *supra.* Appellants assert that they were entitled to intervene as a matter of right under Trial Rule 24(A) (2), *supra:*

"(A)   Intervention of right. *Upon timely motion* anyone shall be permitted to intervene in an action

\* \* \*

"(2)   when the applicant claims an interest relating to a property, fund or transaction, which is the subject of the action *and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property,* fund or transaction, unless the applicant's interest is adequately represented by existing parties." (Emphasis supplied.)

The language of Trial Rule 24, *supra,* is similar or identical to that of its counterpart rules in the Federal Court system and in some other State Court systems. Therefore, the interpretive case law of such jurisdictions may be considered to assist in a determination of this issue.

Trial Rule 24(A), *supra,* requires that a motion for intervention be timely. As stated in *McDonald* v. *E. J. Lavino Company* (C.C.A. 5, 1970), 430 F.2d 1065, at 1074:

" 'Timeliness' is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice."

Because the concept of timeliness is flexible and its application depends upon the facts of each case, its determination must rest within the sound discretion of the trial court. *Black v. Central Motor Lines, Inc.* (C.C.A. 4, 1974), 500 F.2d 407; *Johnson v. San Francisco Unified School District* (C.C.A. 9, 1974), 500 F.2d 349; *Iowa State Univ. Research Found. Inc. v. Honeywell, Inc.* (C.C.A. 8, 1972), 459 F.2d 447; *FMC Corporation v. Keizer Equipment Company* (C.C.A. 6, 1970), 433 F.2d 654; *Diaz v. Southern Drilling Corp.* (C.C.A. 5, 1970), 427 F.2d 1118.

However, the requirement of timeliness should not be employed as a tool to sanction would-be intervenors who are tardy in making their application. Rather, it is intended to insure that the original parties should not be prejudiced by an intervenor's failure to apply sooner, and that the orderly processes of the court are preserved. *McDonald v. E.J. Lavino Company, supra.*

The prejudice to the original parties may be particularly acute, and the proceedings disorderly, when a new party seeks to intervene after judgment to raise new issues of fact or law, rather than to perfect an appeal of the issues that have been litigated. For this reason, the courts have consistently held that any attempt to intervene after judgment is disfavored, and a showing of extraordinary or unusual circumstances must be made to justify such an attempt. *McDonald v. E.J. Lavino Company, supra; NLRB v. Shurtendar Steaks, Inc.* (C.C.A. 10, 1970), 424 F.2d 192; *U.S. v. Blue Chip Stamp Co.* (D.C. Cal. 1967), 272 F. Supp. 432, 435, *affirmed*, 88 S. Ct. 693, 389 U.S. 580, 19 L. Ed. 2d 781; *Spickard v. Civil Sew. Com'n. of City and Cty. of Denver* (Colo. App., 1974), 523 P.2d 149; *In re Marriage of Guinn* (Colo. App., 1974), 522 P.2d 755; *Cooper v. Albuquerque City Commission* (1974), 85 N.M. 780, 518 P.2d 275.

In the case at bar, appellants assert, in effect, that no prejudice to the original parties or disorganization of court proc-

esses would result if their intervention in the trial court were permitted. However, because appellants sought intervention at the final stages of an adjudication of a collateral issue and still had another remedy available, the trial court did not abuse its discretion in denying their petition for intervention as untimely upon the unique situation in this case. *Smuck* v. *Hobson* (C.C.A. D.C., 1969), 408 F.2d 175.

Furthermore, because appellants both had available and utilized a procedure to question the notice procedures, it must be concluded that the trial court's denial of intervention did not, as a practical matter, impair their ability to protect their interests in ensuring that legal requirements are observed by their County Commissioners in the rezoning of lands. Where the interests of intervenors would not be impaired as a practical matter, intervention may be properly denied. *Stockton* v. *United States* (C.C.A. 9, 1974), 493 F.2d 1021; *Edmonson* v. *State of Nebraska* (C.C.A. 8, 1967), 383 F.2d 123, 127; *Hinds* v. *McNair* (1972), 153 Ind. App. 473, 287 N.E.2d 767.

Moreover, while it has been said that the doctrine of *stare decisis* may itself furnish the practical disadvantage required for a petitioner to intervene as a matter of right, *Francis* v. *Chamber of Commerce of U.S.* (C.C.A. 4, 1973), 481 F.2d 192, where, as in the case at bar, such doctrine has no application to the issue the applicant seeks to raise through his intervention, he may not intervene as a matter of right. *Securities and Exchange Commission* v. *Everest Management Corp.* (C.C.A. 2, 1972), 475 F.2d 1236.

It must be concluded that the trial court in the declaratory judgment action did not err in refusing to allow an intervention after judgment by appellants.

No reversible error having been shown, the judgments appealed from must be affirmed.

Judgments affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result.

NOTE.—Reported at 334 N.E.2d 730.