**Russell NESWICK, Appellant-Plaintiff,**

v.

**BOARD OF COMMISSIONERS OF NEWTON COUNTY, Appellee-Defendant.**

**No. 3–381A85.**

Court of Appeals of Indiana, Fourth District.

Sept. 23, 1981.

John Hyde, East Chicago, for appellant-plaintiff.

Stephen C. Bower, Kentland, for appellee-defendant.

CHIPMAN, Presiding Judge.

This appeal is from the action of the Newton Circuit Court dismissing Russel Neswick's complaint which attacked a county zoning ordinance giving the plan commission power to review and revoke the business zone classification of his property.

The ordinance rezoned from agriculture to business 80 acres owned by Neswick and provided:

> "This land use will be approved for any endeavor which would be a compatable use as a recreation facility. The approval will be reviewed at the regular Plan Commission meeting in the month of January of each year. If it is found that the use will substantially serve the public convenience and welfare and will not be injurious to the appropriate use of the neighboring property, the use will be approved for one more year."

Neswick sought a declaratory judgment pursuant to Ind. Code 34–4–10–1, asking the court to find the ordinance illegal, ultra vires, unconstitutional and inequitable.

Upon a motion by the defendants, Board of Commissioners of Newton County (Commissioners), the court dismissed the case for lack of subject matter jurisdiction under Indiana Rules of Procedure, Trial Rule 12(B)(1). The trial court entered the following conclusions of fact and law:

"Comes now the Court and having taken under consideration the Motion of the Board of Commissioners of Newton County to dismiss the Complaint, the Court now finds as follows:

1) That Russell Neswick has filed a suit for declaratory judgment on January 31, 1980, against the Board of Commissioners of Newton County, challenging the legislative act of rezoning of his property by a Newton County Ordinance dated October 16, 1978.

2) The Court finds that the October 16, 1978, Ordinance approving the rezoning on the Plaintiff's property attached a condition to the rezoning, and that said condition provided for a conditional change of land use with the Newton County Planning Commission reviewing the matter in the month of January of each year.

3) The Court finds that on January 22, 1980, the Newton County Plan Commission, pursuant to the ordinance, refused to approve the business zoning for another year.

4) The Court finds that the Plaintiff has filed suit seeking to have this Court declare that the condition attached to the rezoning ordinance of October 16, 1978, is null and void.

5) The Court finds that the action of the Board of Commissioners of Newton County in its ordinance of October 16, 1978, is a legislative act.

6) The Court further finds that the Plaintiff has made no allegations that any complaint or challenge was made to the October 16, 1978 ordinance until the Newton County Plan Commission exercised the review granted by the ordinance.

The Court now enters the following conclusions of law:

1) That the actions of the Board of Commissioners of Newton County, in its ordinance of October 16, 1978, is a legislative action and can only be reviewed if there are valid allegations of unconstitutionality or illegality. The Court concludes that the Plaintiff's complaint seeks to question the wisdom and propriety of the attachment of a condition to a rezoning ordinance and that such attack is not permitted since it is within the legislative discretion of the Board of Commissioners of Newton County. See *Christy v. Board of Commissioners of Porter County* (1973), 156 Ind.App. 268, 295 N.E.2d 849.

2) The Court further concludes that as a matter of law, the Plaintiff has accepted the benefits of the rezoning petition with the conditions attached thereto and as such is not now permitted to challenge the validity of the conditions. See *J-Marion Co. Inc. v. County of Sacramento, etc.,* 142 Cal.Rptr. 723, 76 Cal.App.3d 517 (1977); *Psyhogios v. Village of Skokie,* [4 Ill.App.3d 186] 280 N.E.2d 552 (1972); *Alperin v. Mayor and Tp. Com. of Middletown Tp.,* 91 N.J.Super. 190, 219 A.2d 628 (1966); *North Plainfield v. Perone,* [54 N.J.Super. 1], 148 A.2d 50 (1959); *Skipjack Cove Marina, Inc. v. County Commissioners for Cecil County et al.,* [252 Md. 440], 250 A.2d 260 (1969); *Zweifel Manufacturing Corp. v. City of Peoria,* 11 Ill.2d 489, 144 N.E.2d 593 (1957); and 82 *Am.Jur.2d,* Zoning and Planning, Section 263.

The Court concludes as a matter of law that the Plaintiff's suit is not proper because it is seeking review of legislative act for which judicial review is not permitted and for the additional reason that the Plaintiff had in fact accepted the rezoning on the basis of the condition attached and can not now attack such condition.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Newton Circuit Court that the Complaint filed by Russell Neswick against the Board of Commissioners of Newton County on January 31, 1980, in the Newton Circuit Court as Cause No. C80–40 should and hereby is dismissed.

We reverse.

I.

Neswick asks us to consider this challenge of the ordinance on its merits and presents

us with 20 issues, most of which address questions never presented to the trial court. In so doing, Neswick comes perilously close to dismissal of this appeal for failure to frame any appealable issues. From our own analysis of the record, only two issues exist at this stage of the litigation:

Whether the trial court erred in finding a lack of subject matter jurisdiction pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(1), and whether the court erred in finding Neswick should be estopped from challenging the validity of the ordinance?

Both Neswick's motion to correct errors and his brief touch upon these issues obliquely, yet we think sufficiently to preserve them, especially in light of the Commissioners' failure to object to the manner in which the case has been presented to this court.

## II.

█ The first issue is whether the trial court had subject matter jurisdiction to review the ordinance enacted by the Commissioners. Our Ind. Code 17–1–14–24 provides for appeal to the Circuit Court of all decisions by county commissioners, but those appeals are limited by case law to only the commissioners' "judicial decisions."[1] Any act by the commissioners which is administrative, ministerial, discretionary or legislative in nature is not reviewable. *Board of Commissioners of Dearborn County v. Droege*, (1946) 224 Ind. 446, 68 N.E.2d 650; *Farley v. Board of Commissioners of Hamilton County*, (1890) 126 Ind. 468, 26 N.E. 174; *Indiana Waste v. Board of Commissioners of Howard County*, (1979) Ind.App., 389 N.E.2d 52; *Bryant v. Lake County Trust Company*, (1975) 166 Ind.App. 92, 334 N.E.2d 730; *Christy v. Board of Commissioners of Porter County*, (1973) 156 Ind.App. 268, 295 N.E.2d 849; *Kraus v. Board of Commissioners of County of Miami*, (1907) 39 Ind.App. 624, 80 N.E. 544.

█ It is well settled in Indiana that an amendatory zoning ordinance is a legislative function of the commissioners, and consequently no appeal lies under the statute from such action by the commissioners. *Bryant v. Lake County Trust Company, supra*. Neswick, however, has *not appealed* the ordinance. He cannot. An appeal clearly would be subject to dismissal under Trial Rule 12(B)(1) because the enactment was not judicial in nature. *Indiana Waste v. Board of Commissioners of Howard County, supra*. Rather, Neswick has challenged the constitutionality of the ordinance in an action brought under the Uniform Declaratory Judgment Act, Ind. Code 34–4–10–1 et seq. When an ordinance is challenged as unconstitutional on its face or unconstitutionally applied and administrative remedies are non-existent or exhausted, a declaratory judgment is a proper approach to determine such things as constitutionality. *City of Anderson v. Associated Furniture*, (1981) Ind., 423 N.E.2d 293; *Amburgey v. Miller*, (1977) 173 Ind.App. 116, 362 N.E.2d 869.

█ The trial court noted correctly in its conclusions of law that judicial review is possible "if there are valid allegations of unconstitutionality or illegality." Neswick made those allegations in paragraph six of its complaint:

"Petitioner seeks an adjudication and declaration of this Court that the attempt to make the zoning contingent or conditional by the inclusion of any provision for review of the question if the use will substantially serve the public convenience and welfare and will not be injurious to the appropriate use of neighboring property is illegal, ultra vires, takes property without due process and is generally unconstitutional and inequitable."

Neswick does not challenge the wisdom of a legislative action, but the constitutionality

1. Ind. Code 17–1–14–24 "Appeals generally.— From all decisions of such commissioners there shall be allowed an appeal to the circuit (or common pleas) court, by any person aggrieved; but if such person shall not be a party to the proceeding such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

of it, and that is a proper subject for judicial review.

We hold the trial court had subject-matter jurisdiction to review the action of the Commissioners for the purposes of testing the constitutionality and legality of the ordinance.

### III.

■ The second issue is whether the trial court acted properly in dismissing the complaint on grounds Neswick was estopped from challenging the validity of an ordinance from which he had benefited.

The trial court's conclusion of law was not responsive to the motion before it and was not based on any evidence in the record. It was in effect a *sua sponte* summary judgment and out of order.

The Commissioners' brief maintains conditions attached to the ordinance actually were an "arrangement," an "agreement" and a "contract" to which Neswick was a party. Neswick denies such an arrangement, and furthermore, nothing in the record or in the court's finding of facts shows whether Neswick derived any benefit from any "arrangement." Accordingly, these are disputed factual questions outside the scope of the record and outside the scope of this appeal.

We hold the trial court erred in dismissing the complaint on the basis of facts not supported by the record and that the court has jurisdiction to consider the constitutionality and legality of the ordinance. Accordingly we reverse and remand for further proceedings.

MILLER and YOUNG, JJ., concur.