ATTORNEY FOR APPELLANT
Rosemary L. Borek
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
Mark J. Crandley
John T.L. Koenig
Adam L. Bartrom
Richard J. Hall
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
John H. Haskin
Ryan P. Sink
John H. Haskin & Associates
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

Mar 06 2014, 11:26 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 21S04-1308-PL-530

FAYETTE COUNTY BOARD OF COMMISSIONERS,　　　　*Appellant (Defendant)*,

v.

HOWARD PRICE,　　　　*Appellee (Plaintiff)*.

Appeal from the Fayette Circuit Court, No. 21C01-1103-PL-146
The Honorable Gregory A. Horn, Special Judge

On Transfer from the Indiana Court of Appeals, No. 21A04-1208-PL-434

**March 6, 2014**

**Dickson, Chief Justice.**

Concluding that the decision of the Fayette County Board of Commissioners not to reappoint its County Highway Supervisor was a ministerial decision, not a quasi-judicial one, we hold that such employment decision was not subject to judicial review.

Howard Price ("Price") was the Fayette County Highway Supervisor from 1991 to 2002

and again resumed that position in 2006. Price expected that his appointment "would continue indefinitely until he was replaced and terminated." Appellee's Br. at 5. At the February 8, 2011, meeting of the Fayette County Board of Commissioners ("Board"), one of the Commissioners "made a motion to renew the appointment of Howard Price as Highway [Supervisor] for the standard 12 month period," which motion "died for lack of a second." Fayette County Board of Commissioners, *Minutes* (Feb. 8, 2011); Appellant's App'x at 184. Another Commissioner then made a motion to appoint a different person "as interim supervisor effective immediately until such time as the position can be advertised and a supervisor hired." *Id.* This motion was seconded and approved on a 2-1 vote. Price thereafter brought this action "requesting a *de novo* hearing and review of the [Board's] decision to terminate [him]." Appellant's App'x at 7. The Board filed a motion to dismiss, asserting that its employment decision was not subject to judicial review. The trial court converted the motion to dismiss to a motion for summary judgment. In Price's response in opposition, he asserted that the termination of his employment "interrupted his continued and indefinite employment as Highway Supervisor . . . in contravention of principles of equity and fairness." *Id*. at 237–38. The trial court denied summary judgment, concluding that the Board's decision to terminate Price's continued employment was "quasi-judicial in nature" and thus subject to judicial review. *Id*. at 373. Upon the Board's request, however, the trial court certified its jurisdictional determination for interlocutory appeal. The Court of Appeals accepted the interlocutory appeal and affirmed the decision of the trial court. Fayette Cnty. Bd. of Comm'rs v. Price, 988 N.E.2d 268, 271 (Ind. Ct. App. 2013). We granted transfer and now reverse, finding that summary judgment should have been granted for the Board.

The issue presented is whether the Board's actions regarding Price's employment— whether such actions are characterized as "not renewing" or as "terminating"—are subject to judicial review. The applicable statute provides: "A party to a proceeding before the [county] executive who is aggrieved by a decision of the executive may appeal that decision to the circuit court for the county." Ind. Code § 36-2-2-27 (a) (2012). But it has long been recognized that only judicial or "quasi-judicial" decisions, and not legislative, administrative, or ministerial ones, are subject to judicial review. Neswick v. Bd. of Comm'rs of Newton Cnty., 426 N.E.2d 50, 53 (Ind. Ct. App. 1981), *trans. not sought*. Price acknowledges this rule but contends that the Board's action should be considered quasi-judicial.

2

The applicable principles are discussed in Lincoln v. Bd. of Comm'rs of Tippecanoe Cnty., 510 N.E.2d 716 (Ind. Ct. App. 1987), *abrogated in part on other grounds by* McDillon v. N. Ind. Pub. Serv. Co., 841 N.E.2d 1148 (Ind. 2006), and both parties cite Lincoln to support their arguments. In Lincoln, the court enunciated a four-factor test for determining whether an administrative action is judicial in nature—a prerequisite for entitlement to judicial review.

> While it is difficult, if not impossible, to define quasi-judicial power and to discriminate between judicial and administrative acts in a way which will be applicable to every case, we find that it is the nature, quality, and purpose of the act performed, rather than the name or character of the officer or board which performs it, which determines its character as judicial. Generally, the judicial function consists of: (1) the presence of the parties upon notice; (2) the ascertainment of facts; (3) the determination of the issues; and (4) the rendition of a judgment or final order regarding the parties' rights, duties, or liabilities.

*Id.* at 721 (footnote omitted). This assessment of judicial review remains good law today. Great Lakes Transfer, LLC v. Porter Cnty. Highway Dep't, 952 N.E.2d 235, 243 (Ind. Ct. App. 2011), *trans. not sought*.

Price argues that the Board's action should be considered quasi-judicial "because Fayette County provided Price with notice and an opportunity to be heard, the two (2) most important factors of quasi-judicial activity." Appellee's Br. at 8. The Board contends that its decision was not quasi-judicial, asserting that it did not involve notice typical of adjudicatory proceedings nor an opportunity to be heard. The Board primarily emphasizes, however, that its employment decision was not a determination of factual issues nor a judgment sufficient to constitute quasi-judicial activity, but rather a ministerial function and therefore non-reviewable by the courts. The Board points to evidence that Price had been the Supervisor of County Highways for Fayette County; that his position was held for one-year terms with reappointment occurring yearly in January or February; that the Board held two executive sessions on January 13th and 14th of 2011 to interview employees and evaluate the highway department's performance from the previous year (2010); that at the Board's regular meeting on January 18, 2011, a motion to reappoint Price died for lack of a second vote; that at the next regular meeting, on February 8, 2011, another motion to reappoint Price was made but not seconded and an interim supervisor was appointed; and that Price held no contract for his position.

3

Price concedes that judicial review of the Board's decision would not be available if it were an administrative, ministerial, or legislative act. *Id*. at 9. He argues, however, that the Board's decision was quasi-judicial in nature because the Board provided him with notice of the executive sessions; he was given the opportunity to be heard; he was questioned at one of the executive sessions for 60 to 90 minutes and given the opportunity to explain why he was meeting expectations for his position; and the Board interviewed and gathered facts from employees. Price contends that his appointment was indefinite "until told otherwise," *Id*. at 11, and that his "status as an at-will employee is irrelevant to the issue of quasi-judicial activity." *Id.* at 12–13.

In the appellate review of a summary judgment determination, the court determines issues of law *de novo*. Dugan v. Mittal Steel USA, Inc., 929 N.E.2d 184, 186 (Ind. 2010). In the present case, we find that a genuine issue of fact exists with respect to the first two Lincoln factors—the presence of the parties upon notice and the ascertainment of facts. We find as a matter of law, however, that the "nature, quality, and purpose" of the Board's actions in deciding who should be the County Highway Supervisor was not "equivalent to a court's adjudication of issues between opposing parties." *See* Great Lakes Transfer, LLC, 952 N.E.2d at 243. The "nature, quality, and purpose" of the Board's action was not a "determination of issues" nor a "rendition of a judgment or final order regarding the parties' rights, duties, or liabilities." *See* Lincoln at 721. In the absence of these two critical factors, we find as a matter of law that the Board's employment decision regarding Price was administrative and ministerial, not quasi-judicial. It is thus not subject to judicial review.

## Conclusion

We hold that the employment decision by the Fayette County Board of Commissioners with respect to Howard Price is not subject to judicial review. We reverse the trial court and remand this cause for the entry of summary judgment in favor of the Board.

Rucker, David, Massa, and Rush, JJ., concur.

4